ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

UNITED STATES OF AMERICA          :
                                  :    INFORMATION
            -v-                   :
                                  :    05 Cr. 1036
                                  :
DANIEL E. MARINO,                 :
                                  :
            Defendant.            :
                                  :
------------------------------------x



### COUNT ONE

(Conspiracy To Commit Investment Adviser Fraud, Mail Fraud and Wire Fraud)

The United States Attorney charges:

**Relevant Persons And Entities**

1. At all times relevant to this Information, Bayou Fund LLC, Bayou Accredited Fund, LLC, Bayou Affiliates Fund, LLC, Bayou No Leverage Fund, LLC, and Bayou Superfund, LLC, were hedge funds that had their principal office in Westchester County, New York and thereafter Stamford, Connecticut. Bayou Fund Ltd., Bayou Offshore Masterfund Ltd., Bayou Offshore Fund A, Ltd., Bayou Offshore Fund B, Ltd., Bayou Offshore Fund C, Ltd., Bayou Offshore Fund D, Ltd., Bayou Offshore Fund E, Ltd., and Bayou Offshore Fund F, Ltd. were hedge funds organized under the laws of the Cayman Islands. Bayou Management, LLC served as the investment adviser to the Bayou hedge funds (hereafter, collectively referred to as the "Bayou Hedge Funds") from its office in Stamford, Connecticut. Bayou Securities, LLC, a

broker-dealer registered with the United States Securities and Exchange Commission and a member of the National Association of Securities Dealers, acted primarily as a broker for the Bayou Hedge Funds. The Bayou entities will hereafter be referred to collectively as "Bayou."

2. Bayou Fund LLC was formed in or about early 1996 and the other hedge funds were formed thereafter. The Bayou Hedge Funds were formed for the purpose of obtaining contributions from sophisticated investors and earning profits by following an investment strategy of conducting short-term trading of various securities.

3. At all times relevant to this Information, DANIEL E. MARINO, the defendant, was a certified public accountant who became Bayou's Chief Financial Officer and Chief Operating Officer.

## The Scheme To Defraud

4. During the relevant time period, Bayou sustained trading losses. In order to induce investors to invest in Bayou and to lull existing investors into retaining their investments in Bayou, the defendant and co-conspirators not named herein perpetrated a scheme to defraud investors by disseminating reports and financial statements, among other things, that contained materially false statements and by failing to invest the investors' funds as promised.

**Means and Methods of the Conspiracy**

5. Among the means and methods by which MARINO and co-conspirators not named herein would and did carry out the conspiracy were the following:

    a. MARINO and a co-conspirator reported fictitious rates of return of the Bayou Hedge Funds in quarterly reports and had those reports mailed to investors.

    b. MARINO and a co-conspirator reported fictitious rates of return of the Bayou Hedge Funds in weekly newsletters and had those newsletters e-mailed or faxed to investors.

    c. MARINO and a co-conspirator reported individual investors' inflated accumulated profits in monthly reports and had those reports mailed to investors.

    d. MARINO and his co-conspirators had annual financial statements mailed to investors that contained, among other misrepresentations: (i) inflated rates of return on trading; (ii) inflated net asset values, and (iii) certifications that Bayou had been audited by a certified public accounting firm known as Richmond-Fairfield Associates.

    e. In or about early 1999, MARINO created the phony accounting firm, Richmond-Fairfield Associates, and it conducted no audits.

    f. Between in or about the fall of 2003 and in

or about August 2005, MARINO and a co-conspirator entered and attempted to enter into private financial transactions using money from the Bayou Hedge Funds without disclosing the nature of those transactions to its investors.

   g. From in or about July 1996 through in or about August 2005, MARINO and his co-conspirators induced investors to contribute in excess of $450,000,000 to the Bayou Hedge Funds.

## THE CONSPIRACY

   6. From in or about July 1996 to in or about August 2005, in the Southern District of New York and elsewhere, DANIEL E. MARINO, the defendant, and co-conspirators not named herein, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit: (a) investment adviser fraud, in violation of Title 15, United States Code, Sections 80b-6 and 80b-17; (b) mail fraud, in violation of Title 18, United States Code, Section 1341; and (c) wire fraud, in violation of Title 18, United States Code, Section 1343.

## OBJECTS OF THE CONSPIRACY

### Investment Adviser Fraud

   7. It was a part and object of the conspiracy that DANIEL E. MARINO, the defendant, and co-conspirators not named herein, acting as investment advisers with respect to one and

more clients and prospective clients in the Bayou Hedge Funds, unlawfully, willfully, and knowingly, by the use of the mails and the means and instrumentalities of interstate commerce, directly and indirectly, did (a) employ devices, schemes, and artifices to defraud clients and prospective clients; (b) engage in transactions, practices, and courses of business which operated as a fraud and deceit upon clients and prospective clients; and (c) engage in acts, practices, and courses of business that were fraudulent, deceptive, and manipulative, in violation of Title 15, United States Code, Sections 80b-6 and 80b-17.

### Mail Fraud

8. It was further a part and object of the conspiracy that DANIEL E. MARINO, the defendant, and co-conspirators not named herein, unlawfully, willfully, and knowingly, having devised and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, did place and cause to be placed in a post office and authorized depository for mail matter, matters and things to be sent and delivered by the Postal Service, and private and commercial interstate carriers, and did take and receive therefrom such matters and things, in violation of Title 18, United States Code, Section 1341.

### Wire Fraud

9.     It was further a part and object of the conspiracy that DANIEL E. MARINO, the defendant, and co-conspirators not named herein, unlawfully, willfully, and knowingly, having devised and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire and radio communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

### OVERT ACTS

10.    In furtherance of said conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

  a.    At various times from in or about July 1996 through in or about August 2005, a co-conspirator not named herein traded securities on behalf of Bayou through computers located in Westchester County, New York and at Bayou's offices in Stamford, Connecticut.

  b.    At various times between July 1996 and August 2005, MARINO and co-conspirators not named herein had quarterly

and/or monthly reports and annual financial statements mailed to investors located in the Southern District of New York and elsewhere.

        c.    At various times between in or about 2002 through in or about August 2005, MARINO and a co-conspirator not named herein had weekly newsletters e-mailed and faxed to investors located in the Southern District of New York and elsewhere.

        d.    In or about 1999, MARINO formed a sham certified public accounting firm named Richmond-Fairfield Associates and maintained an office for Richmond-Fairfield Associates in Manhattan.

        e.    In annual financial statements for the years 1998 through 2004, MARINO and his co-conspirators had Bayou falsely assert that Richmond-Fairfield Associates was an independent auditor that had audited Bayou and certified its financial statements.

        f.    From in or about the spring of 2004 through in or about May 2005, a co-conspirator attempted to conduct transactions in Europe and the United States using money invested in the Bayou Hedge Funds.

        g.    In or about April 2005, MARINO and a co-conspirator caused the transfer of approximately $99,191,102 from an account at ODL Securities in London to a Wachovia Bank account

in the name of Majestic Capital Management (the "Majestic Account").

h.   In or about April 2005, MARINO and a co-conspirator caused the transfer of approximately $810,000 from Bayou's account at Wachovia Bank to the Majestic Acount.

i.   At various times between in or about May 2003 and in or about August 2005, MARINO invested money contributed to the Bayou Hedge Funds in private placement transactions.

(Title 18, United States Code, Section 371).

## COUNT TWO

(Investment Adviser Fraud)

The United States Attorney further charges:

11.  The allegations contained in paragraphs 1 through 5 and 10 of this Information are repeated and realleged as if fully set forth herein.

12.  From in or about July 1996 to in or about August 2005, in the Southern District of New York and elsewhere, DANIEL E. MARINO, the defendant, and co-conspirators not named herein, acting as investment advisers with respect to clients and prospective clients in the Bayou hedge funds, unlawfully, willfully, and knowingly, by the use of the mails and the means and instrumentalities of interstate commerce, directly and indirectly, did: (a) employ devices, schemes, and artifices to defraud clients and prospective clients; (b) engage in

transactions, practices, and courses of business which operated as a fraud and deceit upon clients and prospective clients; and (c) engage in acts, practices, and courses of business that were fraudulent, deceptive and manipulative.

(Title 15, United States Code, Sections 80b-6 and 80b-17;and Title 18, United States Code, Section 2).

## COUNT THREE

(Mail Fraud)

The United States Attorney further charges:

13. The allegations contained in paragraphs 1 through 5 and 10 this Information are repeated and realleged as if fully set forth herein.

14. From in or about July 1996 through in or about August 2005, in the Southern District of New York and elsewhere, DANIEL E. MARINO, the defendant, and co-conspirators not named herein, having devised and intending to devise a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations and promises, namely, the scheme set forth above, for the purpose of executing such scheme and artifice and attempting to do so, did place and caused to be placed in a post office and authorized depository for mail matter, matters and things to be sent and delivered by the Postal Service, and private and commercial interstate carriers, and did take and receive therefrom such matters and things, namely, quarterly reports, monthly reports and annual

9

financial statements.

(Title 18, United States Code, Sections 1341 and 2).

### COUNT FOUR

(Wire Fraud)

The United States Attorney further charges:

16. The allegations contained in paragraphs 1 through 5 and 10 this Information are repeated and realleged as if fully set forth herein.

16. From in or about July 1996 through in or about August 2005, in the Southern District of New York and elsewhere, DANIEL E. MARINO, the defendant, and co-conspirators not named herein, having devised and intending to devise a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations and promises, namely, the scheme set forth above, would and did transmit and cause to be transmitted by means of wire and radio communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, namely, weekly newsletters.

(Title 18, United States Code, Sections 1343 and 2).

### FORFEITURE ALLEGATION

17. As the result of committing one or more of the mail fraud, wire fraud and conspiracy offenses in violation of 18 U.S.C. §§ 1341, 1343 and 371, alleged in Counts One, Three and

Four of this Information, defendant DANIEL E. MARINO shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense, including, but not limited to, a sum of money equal to $450,000,000, representing the amount of proceeds obtained as a result of the mail fraud, wire fraud and conspiracy offenses alleged in this Information, for which the defendant and his co-conspirators are jointly and severally liable. Said sum includes, but is not limited to, all right, title and interest of defendant DANIEL E. MARINO in the following, and all property traceable thereto:

      a.    Approximately $100,010,673.68 on deposit at Bank of America in the name of the Arizona State Treasurer and referenced as SW 2005-001633;

      b.    All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 261 Bayberry Lane, Westport, Connecticut, 06880;

      c.    All right, title and interest of the defendant in any entities or partnerships, including but not limited to, IM Partners and IMG LLC, and any and all assets, including bank accounts, held by or for the benefit of such entities or partnerships;

      d.  Any and all interests in any bank accounts and/or brokerage accounts held by or for the benefit of the defendant.

<u>Substitute Asset Provision</u>

      18.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

      (1) cannot be located upon the exercise of due diligence;

      (2) has been transferred or sold to, or deposited with, a third person;

      (3) has been placed beyond the jurisdiction of the Court;

      (4) has been substantially diminished in value; or

      (5) has been commingled with other property which

      cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 981, 1956(c)(7)(A) and 1961(1), and Title 28, United States Code, Section 2461(c).

*[signature]*
MICHAEL J. GARCIA
United States Attorney