```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

UNITED STATES OF AMERICA,         :      PRELIMINARY ORDER OF
                                         FORFEITURE/FINAL ORDER OF
          -v.-                    :      FORFEITURE AS TO
                                         DANIEL E. MARINO
DANIEL E. MARINO,                 :
                                         05 Cr. 1036 (CM)
               Defendant.         :

------------------------------------x
```

WHEREAS, on September 29, 2005, the defendant DANIEL E. MARINO (the "defendant") was charged in Information 05 Cr. 1036 (CM) (the "Information") with conspiracy to commit investment adviser fraud, mail fraud and wire fraud, in violation of 18 U.S.C. § 371 (Count One); investment adviser fraud, in violation of 15 U.S.C. §§ 80b-6 and 80b-17 (Count Two); mail fraud, in violation of 18 U.S.C. § 1341 (Count Three); and wire fraud, in violation of 18 U.S.C. § 1343 (Count Four);

WHEREAS, the Information included a forfeiture allegation charging that the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses set forth in Counts One, Three and Four of the Information, to wit, a sum of money equal to $450 million, representing the amount of proceeds obtained as a result of the mail fraud, wire fraud and conspiracy offenses alleged in this Information, for which the defendant and his co-conspirators are jointly and

severally liable, with said sum including, but not limited to, all right, title and interest of the defendant in the following, and all property traceable thereto:

    a.   Approximately $100,010,673.68 on deposit at Bank of America in the name of the Arizona State Treasurer and referenced as SW 2005-001633;

    b.   All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 261 Bayberry Lane, Westport, Connecticut, 06880;

    c.   All right, title and interest of the defendant in any entities or partnerships, including but not limited to, IM Partners and IMG LLC, and any and all assets, including bank accounts, held by or for the benefit of such entities or partnerships; and

    d.   Any and all interests in any bank accounts and/or brokerage accounts held by or for the benefit of the defendant;

WHEREAS, on September 29, 2005, the defendant pleaded guilty pursuant to a plea agreement in which the defendant admitted to the forfeiture allegations in the Information and agreed to forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), (i) a sum of money equal to $450 million, representing the amount of proceeds obtained as a result of the offenses charged in Counts One, Three and Four of the Information (the "Money Judgment"); and (ii) all right, title and interest of the defendant in the following property, on the ground that it constitutes proceeds obtained as a result of the offenses charged in Counts One, Three and Four, and property

traceable to such property, and which shall be applied to the Money Judgment:

  a. Approximately $100,010,673.68 on deposit at Bank of America in the name of the Arizona State Treasurer and referenced as SW 2005-001633 (the "Arizona Seized Funds");

  b. $155,747 in cash described in the stipulation executed by the defendant and the Government, dated September 15, 2005 and "so ordered" by the Hon. Colleen McMahon (a copy of which is attached hereto as Exhibit A and incorporated herein by reference);

  c. All proceeds of the sale of the residence at 261 Bayberry Lane, Westport, Connecticut, 06880 described in the stipulation executed by the defendant and the Government dated September 15, 2005 and "so ordered" by the Hon. Colleen McMahon (a copy of which is attached hereto as Exhibit B and incorporated herein by reference);

  d. All right, title and interest of the defendant in any entities or partnerships, including but not limited to, IM Partners and IMG LLC, and any and all assets, including bank accounts, held by or for the benefit of the defendant; and

  e. Any and all interests in any bank accounts and/or brokerage accounts, held by or for the benefit of the defendant;

WHEREAS, the Government has applied for a Preliminary Order of Forfeiture as to the following (without prejudice to its seeking an Amended Preliminary Order which includes all of the assets listed in the Information and plea agreement):

  a. $155,747 in cash described in the stipulation executed by the defendant and the Government, dated September 15, 2005 and "so ordered" by the Hon. Colleen McMahon (a copy of which is attached hereto as Exhibit A and incorporated herein by reference);

      b.   All proceeds of the sale of the residence at 261 Bayberry Lane, Westport, Connecticut, 06880 described in the stipulation executed by the defendant and the Government dated September 15, 2005 and "so ordered" by the Hon. Colleen McMahon (a copy of which is attached hereto as Exhibit B and incorporated herein by reference);

      c.   All right, title and interest of the defendant in any entities or partnerships, including but not limited to, IM Partners and IMG LLC, and any and all assets, including bank accounts, held by or for the benefit of the defendant; and

      d.   Any and all interests in any bank accounts and/or brokerage accounts, held by or for the benefit of the defendant;

(collectively, the "Specific Property");

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

      1.   Pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461 and Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, and based on the defendant's guilty plea and plea agreement, the Court finds that the defendant is jointly and severally liable for a personal money judgment in the amount of $450 million, representing the amount of proceeds obtained as a result of the offenses set forth in Counts One, Three and Four of the Information, with said sum including all right, title and interest of the defendant in the Specific Property, which constitutes proceeds traceable to the said offenses, and property traceable to such property.

2. Accordingly, the defendant DANIEL E. MARINO shall forfeit the sum of $450 million to the United States as a sum of money representing the amount of proceeds obtained as a result of the offense set forth in Counts One, Three and Four of the Information, to run jointly and severally with his co-conspirators, and to include all right, title and interest of the defendant in the Specific Property, and all property traceable thereto.

3. IT IS FURTHER ORDERED THAT all of the defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with law, subject to the provisions of 21 U.S.C. § 853(n)(1).

4. The United States is hereby authorized to take possession of the Specific Property and to hold such Specific Property in its secure custody and control.

5. Pursuant to 21 U.S.C. § 853(n)(1), the United States Department of Justice forthwith shall publish at least once for three successive weeks in a newspaper of general circulation, notice of this Order, notice of the United States' intent to dispose of the Specific Property in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in the Specific Property must file a petition with the Court within

thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

6. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property and any additional facts supporting the petitioner's claim and the relief sought.

7. The United States may also, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Specific Property that is the subject of this Order of Forfeiture, as a substitute for published notice as to those persons so notified.

8. Upon adjudication of all third-party interests, this Court will enter a final order of forfeiture pursuant to 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2(c), in which all interests will be addressed.

9. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, this Order of Forfeiture shall be final against the defendant DANIEL E. MARINO, shall be made part of the sentence of the defendant DANIEL E. MARINO, and shall be included in the judgment of conviction therewith.

   10. The Clerk of the Court shall forward four certified copies of this order to Assistant U.S. Attorney Margery B. Feinzig, 300 Quarropas Street, White Plains, New York, 10601.

Dated: New York, New York
    October 19, 2005

             SO ORDERED:

             _____
             HONORABLE COLLEEN McMAHON
             UNITED STATES DISTRICT JUDGE