Butler, Fitzgerald, Fiveson & McCarthy
A Professional Corporation
Attorneys for Petitioners
350 Fifth Avenue, Suite 6215
New York, New York 10118
(212) 615 -2200

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

      UNITED STAES OF AMERICA,

            v.                                05 Cr. 1036 (CM)

      DANIEL E. MARINO,

            Defendant.

------------------------------------------------------------------------x

      LEONARD AND TEMA SCHRAGE,
      THE MORRIS SCHRAGE INDIVIDUAL
      RETIREMENT ACCOUNT, THE MORRIS
      SCHRAGE TRUST, THE MELVIN N. AND
      MARCIA A. GROSSMAN FAMILY TRUST
      AND UNIVERSAL CITY NSSAN, INC.,

           Petitioners,

           v.

      UNITED STATES OF AMERICA,

           Forfeiture Plaintiff.

------------------------------------------------------------------------x

        PLEASE TAKE NOTICE that upon their Petition, dated January 5, 2006, Petitioners Leonard and Tema Schrage, The Morris Schrage Individual Retirement Account, the Morris Schrage Trust, the Melvin N. and Marcia A. Grossman Family Trust and Universal City Nissan, Inc. (collectively, "Petitioners"), Petitioners hereby petition

this Court for an order declaring that certain property of Daniel Marino that is located at 231 Bayberry Lane in Westport, Connecticut (the "Westport property") and is subject of a preliminary order of forfeiture is not forfeitable because the Westport property was not purchased with proceeds of Marino's wrongful conduct, or alternatively declaring in any forfeiture judgment in respect of the Westport property either that the property remains subject to the attachment in favor of Petitioners and any judgment lien that Petitioners ultimately obtain against Defendant Marino in the Court which issued the attachment order, or that the United States must pay to Petitioners fair and just compensation for their attachment interest in the Westport property.

PLEASE TAKE FURTHER NOTICE that pursuant to Local Rule 6.1 (b) answering papers, if any, are to be served upon the undersigned and filed within ten (10) days of service of this petition and the papers in support.

Dated: January 6, 2006
        New York, New York

Butler, Fitzgerald, Fiveson & McCarthy
A Professional Corporation

Raymond Fitzgerald (RF 9529)

Attorneys for Petitioners
350 Fifth Avenue, Suite 6215
New York, New York 10118
(212) 615-2200

Butler, Fitzgerald, Fiveson & McCarthy
A Professional Corporation
Attorneys for Petitioners
350 Fifth Avenue, Suite 6215
New York, New York 10118
(212) 615-2200

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

      UNITED STATES OF AMERICA,

                   v.                                          05 Cr. 1036 (CM)

      DANIEL E. MARINO,                              PETITION

                Defendant.

-------------------------------------------------------------------x

      LEONARD AND TEMA SCHRAGE,
      THE MORRIS SCHRAGE INDIVIDUAL
      RETIREMENT ACCOUNT, THE MORRIS
      SCHRAGE TRUST, THE MELVIN N. AND
      MARCIA A. GROSSMAN FAMILY TRUST
      AND UNIVERSAL CITY NISSAN, INC.,

                Petitioners,

                   v.

      UNITED STATES OF AMERICA,

                Forfeiture Plaintiff.

-------------------------------------------------------------------x

      Petitioners Leonard and Tema Schrage, The Morris Schrage Individual Retirement Account, the Morris Schrage Trust, the Melvin N. and Marcia A. Grossman Family Trust and Universal City Nissan, Inc. (collectively, "Petitioners"), for their petition claiming a legal interest in property which has been ordered forfeited to the United Sates, hereby allege as follows:

1. Petitioners are certain investors in certain hedge funds managed by Bayou Management LLC and its related entities (the "Bayou Funds").

2. Petitioner Leonard Schrage is an individual and is a resident of the State of California. Petitioner Tema Schrage is an individual and is a resident of the State of California. Petitioner The Morris Schrage Individual Retirement Account is an investment account located in the State of California. Petitioner The Morris Schrage Trust is a duly formed trust under the laws of the State of California. Petitioner Melvin N. and Marcia A. Grossman Family Trust, is a duly formed trust under the laws of the State of California. Petitioner Universal City Nissan, Inc. is California corporation.

3. Collectively, during the period between April 2002 and February of 2004, Petitioners invested over $5,500,000 in the Bayou Funds.

4. Defendant Daniel E. Marino was an officer of the Bayou entities that operated and managed the Bayou Funds. Samuel Israel, III was one of the co-founders of the Bayou Funds, and also was an officer of the Bayou entities that operated and managed the Bayou Funds.

5. On July 27, 2005, Marino and Israel caused the Bayou Funds to announce that the Bayou Funds were ceasing operations and would return 100% of its investors' money. On July 29, 2005, Marino and Israel caused the Bayou Funds to announce that the Bayou Funds would return its investors' money as set forth on their June 2005, statements. On August 11, 2005, Marino and Israel caused the Bayou Funds to state to investors that 90% of the client's funds would be returned within one week with the remaining balance by end of August.

6. Despite such promises and the due demands by Petitioners for the return of their funds, the Bayou Funds have failed to return any of the Petitioners' funds to them.

7. Petitioners transferred their monies to the Bayou Funds, and continued to maintain those monies at the Bayou Funds, in reliance upon certain statements that Marino and Israel made, or caused to be made, on behalf of the Bayou Funds, including representations between April 2002 and February 2004 that any investment in the Bayou Funds would be for the benefit of the Petitioners and would be properly managed by the managers of the Bayou Funds for the benefit of the Petitioners; that one of Bayou Funds' affiliates was registered with the National Association of Securities Dealers ("NASD") and that they were subject to NASD and Securities & Exchange Commission audits; and that the Bayou Funds had an independent accountant who audited their books and records. In addition, Petitioners continued to maintain their investments at the Bayou Funds in (i) reliance upon representations that Marino and Israel made, or caused to be made, between May 2002 and July 2005 in periodic statements provided by the Bayou Funds which purported to reflect the Petitioners' account balances in the Bayou Funds and showed substantial account balances and earnings, and (ii) in ignorance of the truth, concealed by Marino and Israel, that the Bayou Funds were a massive fraud designed to steal Petitioners' monies.

8. The representations were false and Defendant Marino and Israel knew the misrepresentations were false. Defendant Marino and Israel made, or caused the misrepresentations to be made, in order to induce the Petitioners to make, and maintain, investments in the Bayou Funds.

9.  Prior to, or during, July 2005, Bayou, its agents, employees, and principals absconded with the Petitioners' funds and used such funds for their personal use. Shortly after the Bayou Funds represented in August 2005 that they would promptly return the Petitioners' investments, Petitioners learned that the Bayou Funds had been a vehicle for fraud by the managers of the funds and the Bayou Funds did not have any assets with which to pay Petitioners or any other investors.

10. Prior to September 1, 2005, Defendant Daniel Marino admitted that he engaged in a fraud with Samuel Israel and others in respect of the monies that had been invested in the Bayou Funds by investors such as Petitioners.

11. In order to recover their money from the co-conspirators who orchestrated the Bayou Funds fraud, Petitioners commenced proceedings in Superior Court in Stamford Connecticut against, among others, Daniel Marino (the "Connecticut Action").[1] However, before filing or serving their complaint, and in accordance with established procedures under Connecticut law, Petitioners made an application in the Connecticut Action, pursuant to Connecticut General Statutes § 52-278, for a pre-judgment attachment of all of the assets of Marino and Israel. The application was granted by order dated September 1, 2005. A copy of the order against Marino (the "Order of Attachment"), which is dated September 1, 2005, is annexed hereto as Exhibit A. The amount of the Order of Attachment is $6,000,000.00. The Order of Attachment specifically referenced Marino's house at 261 Bayberry Lane, Westport, Connecticut ("Westport Property") and specifically ordered the attachment of the Westport Property.

---

[1] Plaintiffs also commenced in the Connecticut State Court an action against Bayou and its related entities. The complaint in that action, which is entitled Leonard Schrage, et al. v. Bayou Group, LLC, et al., and bears Docket Number FST-CV-054005696-S, was filed on September 8, 2005.

12. On September 2, 2005, pursuant to the Order of Attachment, Richard Moccia, a Judicial Marshal of the State of Connecticut for the County of Fairfield (the "Marshal"), attached the Westport Property. The Marshal recorded the Order of Attachment in the land records for the Town of Westport against the Westport Property.

13. Thereafter, on September 8, 2005, Petitioners filed their complaint in the Connecticut Action. A copy of that complaint is annexed hereto as Exhibit B.

14. Under Connecticut Law, by virtue of the attachment on the Westport Property, Petitioners have an interest in the property such that any money judgment against Marino in the Connecticut Action shall be continuation of the lien on the real property to the extent of the amount of the judgment or the amount of the attachment, whichever is less, and that lien "shall hold from the date of attachment."

15. Marino defaulted in answering the complaint. Petitioners moved for a default judgment.

16. On September 29, 2005, the U.S. Attorney charged Defendant Daniel Marino in Information 05 Cr. 1036 (CM) with criminal fraud in violation of several federal statutes. The Information included a forfeiture allegation demanding forfeiture to the United States of property belonging to Marino, including the Westport Property.

17. On September 29, 2005 Marino pleaded guilty to criminal charges in connection with his role in the fraud at the Bayou Funds, including the charge that his property, including the Westport Property, was forfeitable.

18. The Court entered a preliminary order awarding forfeiture on October 19, 2005. That order specifically identified the Westport Property as property subject to the forfeiture order.

19. Upon information and belief, the Westport Property does not constitute, and was not derived from, the proceeds of the Bayou Funds fraud, but rather was purchased by Marino with funds that Marino borrowed from lawful sources.

20. Alternatively, if Marino did purchase the Westport Property with the proceeds of his wrongful conduct, at the time Petitioners obtained their attachment on that property they were reasonably without cause to believe that the property was subject to forfeiture, and they did not know that the United States was about to seek a forfeiture of Marino's property. On September 1, 2005, the United States had commenced a civil forfeiture action in the Southern District of New York, but (i) neither Petitioners nor their attorneys were aware of that action at the time they obtained the attachment against the Westport Property, and (ii) the civil forfeiture action commenced on September 1, 2005 related to the property of the Bayou Funds and not the property of Marino. A copy of the complaint in the civil forfeiture action is annexed as Exhibit C.

21. By virtue of their attachment of the Westport Property, Petitioners have an interest in that property which is superior to the interest of Defendant Marino to the extent of any judgment obtained against Marino in the Connecticut Action or to the extent of the amount of the Order of Attachment, whichever is less, and it is a violation of the Fifth Amendment of the United States Constitution to take that interest from Petitioners without just compensation.

22.    Moreover, Petitioners' interest in the Westport Property is "superior to any right title or interest of the defendant at the time of the commission of the actions which gave rise to the forfeiture of the property" because Petitioners were unaware when they invested their funds in the Bayou Funds, that Marino was using for his own purposes monies that he had fraudulently obtained from the Bayou Funds.

23.    In addition, Petitioners are bona fide purchasers for value of interests in the Bayou Funds, their attachment against the Westport Property is derived from those interests, and both at the time of their investments and the time of the attachment order Petitioners were reasonably without cause to believe that the Westport Property was subject to forfeiture.

WHEREFORE, Petitioners respectfully request that this Court direct that the Westport Property is not subject to forfeiture to the United States. Alternatively, Petitioners respectfully request that this Court declare in any forfeiture judgment in respect of the Westport Property either that the Westport Property remains subject to the attachment in favor of Petitioners in the Connecticut Action and any judgment lien that Petitioners ultimately obtain in that action, or that the United States must pay to Petitioners fair and just compensation for their attachment interest in the Westport Property.

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES

_____
Leonard Schrage

Subscribed and sworn to before me
on the 05 day of January, 2006 By
LEONARD SCHRAGE.



MANGALA T. B. TENNAKOON
Commission # 1563650
Notary Public - California
Los Angeles County
My Comm. Expires Apr 21, 2009

_____

                                                                    _____
**STATE OF CALIFORNIA**                                                      Tema Schrage
**COUNTY OF LOS ANGELES**

Subscribed and sworn to before me
on the 05 day of January, 2006 BY
TEMA SCHRAGE

_____

MANGALA T. B. TENNAKOON
Commission # 1563650
Notary Public - California
Los Angeles County
My Comm. Expires Apr 21, 2009

_____
Morris Schrage, for the Morris
Schrage Individual Retirement
Account

Subscribed and sworn to before me
on the _5_ day of January, 2006

_____
DW Sehner
Notary Public

_____
Morris Schrage, as Trustee for The
Morris Schrage Trust

Subscribed and sworn to before me
on the 5 day of January, 2006

_____
DW Sehnem
Notary Public

_____
Melvin N. Grossman, Trustee of The
Melvin N. and Marcia A. Grossman
Family Trust

Subscribed and sworn to before me
on the 5th day of January, 2006

_____
BRIAN LAROC
Notary Public, State of New York
No. 01LA5050848
Qualified in Queens County
Commission Expires 10/23/2009

                                                 Marcia A. Grossman, Trustee of The
Melvin N. and Marcia A. Grossman
Family Trust

Subscribed and sworn to before me
on the 65th day of January, 2006

BRIAN LAROC
Notary Public, State of New York
No. 01LA5050848
Qualified in Queens County
Commission Expires 10/23/2009

Universal City Nissan, Inc.

By: _____
Leonard Schrage
Vice President

**STATE OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

Subscribed and sworn to before me on the 05 day of January, 2006 BY LEONARD SCHRAGE.

_____

MANGALA T. B. TENNAKOON
Commission # 1563650
Notary Public - California
Los Angeles County
My Comm. Expires Apr 21, 2009

STATE OF NEW YORK        )
                         )  ss.:
COUNTY OF NEW YORK       )

JOEL JEAN, being duly sworn, deposes and says: that deponent is not a party to the action, is over 18 years of age and resides at 350 Fifth Avenue, Suite 6215, New York, New York 10118, and that on the 6th day of January, 2006, served the within NOTICE OF PETITION AND PETITION by hand delivery upon:

> Barbara A. Ward
> Assistant U.S. Attorney
> United States Attorney
> Southern District of New York
> One Saint Andrew's Plaza
> New York, NY 10007

_____
JOEL JEAN

Sworn to before me this
6th day of January, 2006

_____
Notary Public

GERALDINE PERRY
Notary Public, State of New York
No. 01PE487-9187
Qualified in NY County
Commission Expires Dec. 1, 2006