UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,      :      AMENDED PRELIMINARY ORDER
                                      OF FORFEITURE/FINAL ORDER
          -v.-                 :      OF FORFEITURE AS TO
                                      DANIEL E. MARINO
DANIEL E. MARINO,              :
                                      05 Cr. 1036 (CM)
          Defendant.           :

------------------------------x

        WHEREAS, on or about October 20, 2005, the Court

entered a Preliminary Order of Forfeiture (the "Order") as to

DANIEL E. MARINO, the defendant (the "defendant") as to the

following property (without prejudice to the Government's seeking

an Amended Preliminary Order which specifies all of the

forfeitable assets included in the Information and plea

agreement):

        a.    $155,747 in cash described in the stipulation
        executed by the defendant and the Government, dated
        September 15, 2005 and "so ordered" by the Court (a
        copy of which was attached to the Order as Exhibit A
        and incorporated therein by reference);

        b.    All proceeds of the sale of the residence at
        261 Bayberry Lane, Westport, Connecticut, 06880
        described in the stipulation executed by the defendant
        and the Government dated September 15, 2005 and "so
        ordered" by the Court (a copy of which was attached to
        the Order as Exhibit B and incorporated therein by
        reference);

        c.    All right, title and interest of the
        defendant in any entities or partnerships, including
        but not limited to, IM Partners and IMG LLC, and any
        and all assets, including bank accounts, held by or for
        the benefit of the defendant; and

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __12/7/07__

d.   Any and all interests in any bank accounts
and/or brokerage accounts, held by or for the benefit
of the defendant;

A copy of the Order is attached hereto as Exhibit 1 and

incorporated herein by reference as if set out in full;

WHEREAS, since the Order was entered, the Government

has identified the following specific assets which are

forfeitable under the Order:

a.   $155,763.43 in cash (listed above as item
(a)) described in the stipulation executed by the
defendant and the Government, dated September 15, 2005
and "so ordered" by the Hon. Colleen McMahon (a copy of
which was attached to the Order as Exhibit A and
incorporated therein by reference) (CATS 05-FBI-
005220);

b.   $300,000.00 transferred to the United States
Marshals Service ("USMS") Seized Assets Deposit Account
on or about September 6, 2006 as a substitute *res* for
the proceeds of the sale of the residence at 261
Bayberry Lane, Westport, Connecticut, 06880 (listed
above as item (b)), in accordance with the terms of the
Stipulation and Order between the Government and
Wachovia Bank National Association and Wachovia
Mortgage Corporation, endorsed by the Court on August
19, 2006 (a copy of which is attached hereto as Exhibit
B and incorporated herein by reference) (CATS 05-FBI-
005221);

c.   $500,000 plus interest at a rate of 6 percent
per annum, representing the payment on a promissory
note dated November 11, 2004 (included within item (c),
above) (CATS 06-FBI-002664);

d.   All right, title and interest of the
defendant in any investments in Acopia entities or
partnerships, including but not limited to, the
following funds placed on deposit in the USMS Seized
Assets Deposit Account on or about September 20, 2006:

2

      i.   Meritech, $154,909.80;
      ii.  Charles River, $470,738.25;
      iii. Accel, $318,973.95; and
      iv.  Star, $214,177.50,

(described above in item (c)) (CATS 06-FBI-001416);

    e.  $100,727,434.02 on deposit in the USMS Seized
Assets Deposit Account, representing Bayou investor funds in
the amount of at least $100,001,102.00 (plus interest) that
were transferred by the defendants to Account No.
2000026084477 in the name of Majestic Capital Management at
Wachovia National Bank in Flemington, New Jersey (CATS 05-
FBI-004712); and

    f.  $370,181.88 on deposit in the USMS
Seized Assets Deposit Account, representing monies held
by or for the benefit of the defendant (included
within in item (d), above) (CATS 06-FBI-001416),

and all property traceable to such property, including but not

limited to all interest and income accrued thereon (hereinafter,

the "Specific Property");

      WHEREAS, the Government has applied for an Amended

Order as to the Specific Property:

      NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

      1.   All right, title and interest of the defendant in

the Specific Property, and all property traceable to such

property, is hereby forfeited to the United States of America for

disposition in accordance with law, subject to the provisions of

21 U.S.C. § 853(n)(1), as property constituting proceeds

traceable to the offenses set forth in Counts One, Three and Four

of the Information, and property traceable to such property.

2.    The United States is hereby authorized to take possession of the Specific Property and hold such Specific Property in its secure custody and control.

3.    Pursuant to 21 U.S.C. § 853(n)(1), the United States Department of Justice forthwith shall publish at least once for three successive weeks in a newspaper of general circulation, notice of this Amended Order, notice of the United States' intent to dispose of the Specific Property in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in the Specific Property must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

4.    This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property and any additional facts supporting the petitioner's claim and the relief sought.

5.    The United States may also, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Specific Property that is the

4

subject of this Order of Forfeiture, as a substitute for published notice as to those persons so notified.

6.    Upon adjudication of all third-party interests, this Court will enter a final order of forfeiture pursuant to 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2(c), in which all interests will be addressed.

7.    Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, this Order of Forfeiture shall be final against the defendant DANIEL E. MARINO, shall be made part of the sentence of the defendant DANIEL E. MARINO, and shall be included in the judgment of conviction therewith.

8.    The Clerk of the Court shall forward four certified copies of this order to Assistant U.S. Attorney Barbara A. Ward, One St. Andrew's Plaza, New York, New York, 10007.

Dated:    New York , New York
          March 2 2, 2007

SO ORDERED:

HONORABLE COLLEEN McMAHON
UNITED STATES DISTRICT JUDGE



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,              :      PRELIMINARY ORDER OF
                                              FORFEITURE/FINAL ORDER OF
            -v.-                       :      FORFEITURE -AS TO
                                              DANIEL E. MARINO
DANIEL E. MARINO,                      :
                                              05 Cr. 1036 (CM)
            Defendant.                 :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

U. S. DISTRICT COURT
FILED
OCT 20 2005
W.P.
S. D. OF N.Y.

        WHEREAS, on September 29, 2005, the defendant DANIEL E.

MARINO (the "defendant") was charged in Information 05 Cr. 1036

(CM) (the "Information") with conspiracy to commit investment

adviser fraud, mail fraud and wire fraud, in violation of 18

U.S.C. § 371 (Count One); investment adviser fraud, in violation

of 15 U.S.C. §§ 80b-6 and 80b-17 (Count Two); mail fraud, in

violation of 18 U.S.C. § 1341 (Count Three); and wire fraud, in

violation of 18 U.S.C. § 1343 (Count Four);

        WHEREAS, the Information included a forfeiture

allegation charging that the defendant shall forfeit to the

United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C.

§ 2461, all property, real and personal, that constitutes or is

derived from proceeds traceable to the commission of the offenses

set forth in Counts One, Three and Four of the Information, to

wit, a sum of money equal to $450 million, representing the

amount of proceeds obtained as a result of the mail fraud, wire

fraud and conspiracy offenses alleged in this Information for

which the defendant and his co-conspirators are jointly and

MICROFILM
USDC SDNY WP
OCT 20 2005

severally liable, with said sum including, but not limited to, all right, title and interest of the defendant in the following, and all property traceable thereto:

    a.    Approximately $100,010,673.68 on deposit at Bank of America in the name of the Arizona State Treasurer and referenced as SW 2005-001633;

    b.    All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 261 Bayberry Lane, Westport, Connecticut, 06880;

    c.    All right, title and interest of the defendant in any entities or partnerships, including but not limited to, IM Partners and IMG LLC, and any and all assets, including bank accounts, held by or for the benefit of such entities or partnerships; and

    d.    Any and all interests in any bank accounts and/or brokerage accounts held by or for the benefit of the defendant;

    WHEREAS, on September 29, 2005, the defendant pleaded guilty pursuant to a plea agreement in which the defendant admitted to the forfeiture allegations in the Information and agreed to forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), (i) a sum of money equal to $450 million, representing the amount of proceeds obtained as a result of the offenses charged in Counts One, Three and Four of the Information (the "Money Judgment"); and (ii) all right, title and interest of the defendant in the following property, on the ground that it constitutes proceeds obtained as a result of the offenses charged in Counts One, Three and Four, and property

2

traceable to such property, and which shall be applied to the
Money Judgment:

      a.   Approximately $100,010,673.68 on deposit at
Bank of America in the name of the Arizona State
Treasurer and referenced as SW 2005-001633 (the
"Arizona Seized Funds");

      b.   $155,747 in cash described in the stipulation
executed by the defendant and the Government, dated
September 15, 2005 and "so ordered" by the Hon. Colleen
McMahon (a copy of which is attached hereto as Exhibit
A and incorporated herein by reference);

      c.   All proceeds of the sale of the residence at
261 Bayberry Lane, Westport, Connecticut, 06880
described in the stipulation executed by the defendant
and the Government dated September 15, 2005 and "so
ordered" by the Hon. Colleen McMahon (a copy of which
is attached hereto as Exhibit B and incorporated herein
by reference);

      d.   All right, title and interest of the
defendant in any entities or partnerships, including
but not limited to, IM Partners and IMG LLC, and any
and all assets, including bank accounts, held by or for
the benefit of the defendant; and

      e.   Any and all interests in any bank accounts
and/or brokerage accounts, held by or for the benefit
of the defendant;

      WHEREAS, the Government has applied for a Preliminary
Order of Forfeiture as to the following (without prejudice to its
seeking an Amended Preliminary Order which includes all of the
assets listed in the Information and plea agreement):

      a.   $155,747 in cash described in the stipulation
executed by the defendant and the Government, dated
September 15, 2005 and "so ordered" by the Hon. Colleen
McMahon (a copy of which is attached hereto as Exhibit
A and incorporated herein by reference);

b.    All proceeds of the sale of the residence at 261 Bayberry Lane, Westport, Connecticut, 06880 described in the stipulation executed by the defendant and the Government dated September 15, 2005 and "so ordered" by the Hon. Colleen McMahon (a copy of which is attached hereto as Exhibit B and incorporated herein by reference);

c.    "All right, title and interest of the defendant in any entities or partnerships, including but not limited to, IM Partners and IMG LLC, and any and all assets, including bank accounts, held by or for the benefit of the defendant; and

d.    Any and all interests in any bank accounts and/or brokerage accounts, held by or for the benefit of the defendant;

(collectively, the "Specific Property");

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.    Pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461 and Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, and based on the defendant's guilty plea and plea agreement, the Court finds that the defendant is jointly and severally liable for a personal money judgment in the amount of $450 million, representing the amount of proceeds obtained as a result of the offenses set forth in Counts One, Three and Four of the Information, with said sum including all right, title and interest of the defendant in the Specific Property, which constitutes proceeds traceable to the said offenses, and property traceable to such property.

4

2.    Accordingly, the defendant DANIEL E. MARINO shall
forfeit the sum of $450 million to the United States as a sum of
money representing the amount of proceeds obtained as a result of
the offense set forth in Counts One, Three and Four of the
Information, to run jointly and severally with his co-
conspirators, and to include all right, title and interest of the
defendant in the Specific Property, and all property traceable
thereto.

3.    IT IS FURTHER ORDERED THAT all of the defendant's
right, title and interest in the Specific Property is hereby
forfeited to the United States for disposition in accordance with
law, subject to the provisions of 21 U.S.C. § 853(n)(1).

4.    The United States is hereby authorized to take
possession of the Specific Property and to hold such Specific
Property in its secure custody and control.

5.    Pursuant to 21 U.S.C. § 853(n)(1), the United
States Department of Justice forthwith shall publish at least
once for three successive weeks in a newspaper of general
circulation, notice of this Order, notice of the United States'
intent to dispose of the Specific Property in such manner as the
Attorney General may direct, and notice that any person, other
than the defendant, having or claiming a legal interest in the
Specific Property must file a petition with the Court within

5

thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

6.    This notice shall state·that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, shall be signed by the petitioner·under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property and any additional facts supporting the petitioner's claim and the relief sought.

7.    The United States may also, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Specific Property that is the subject of this Order of Forfeiture, as a substitute for published notice as to those persons so notified.

8.    Upon adjudication of all third-party interests, this Court will enter a final order of forfeiture pursuant to 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2(c), in which all interests will be addressed.

9.    Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, this Order of Forfeiture shall be final against the defendant DANIEL E. MARINO, shall be made part of the sentence of the defendant DANIEL E. MARINO, and shall be included in the judgment of conviction therewith.

10.   The Clerk of the Court shall forward four certified copies of this order to Assistant U.S. Attorney Margery B. Feinzig, 300 Quarropas Street, White Plains, New York, 10601.

Dated:      New York, New York
            October 19 , 2005

                                SO ORDERED:

                                _____
                                HONORABLE COLLEEN McMAHON
                                UNITED STATES DISTRICT JUDGE


                                A TRUE COPY
                                J. MICHAEL McMAHON, CLERK

                                BY _____
                                DEPUTY CLERK

7



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------x

UNITED STATES OF AMERICA,           :       STIPULATION AND ORDER

            Plaintiff,              :       05 Civ. 7722 (CM)

            - v -                   :

ALL ASSETS OF BAYOU ACCREDITED      :
FUND, LLC; BAYOU AFFILIATES
FUND, LLC; BAYOU NO LEVERAGE        :
FUND, LLC; BAYOU SUPERFUND, LLC;
BAYOU SECURITIES, LLC; BAYOU        :
MANAGEMENT, LLC; AND BAYOU
FUND LLC,                           :

INCLUDING, BUT NOT LIMITED TO,      :
APPROXIMATELY $100,010,673.68
ON DEPOSIT AT BANK OF AMERICA       :
IN THE NAME OF THE ARIZONA STATE
TREASURER AND REFERENCED AS         :
SW 2005-001633,                     :

AND ALL INTEREST AND OTHER          :
PROCEEDS TRACEABLE THERETO,

            Defendants in Rem.      :
-------------------------------------x

        WHEREAS, on September 1, 2005, the United States filed

a complaint seeking civil forfeiture pursuant to 18 U.S.C.

§§ 981(a)(1)(C) and 984 of all right, title and interest in all

assets of Bayou Accredited Fund, LLC; Bayou Affiliates Fund, LLC;

Bayou No Leverage Fund, LLC; Bayou Superfund, LLC; Bayou

Securities, LLC; Bayou Management, LLC; and Bayou Fund LLC

(hereinafter referred to collectively as "Bayou"), on the ground

that the defendant property constitutes the proceeds of mail

fraud, wire fraud, and securities fraud, and property traceable

to such property;

WHEREAS, the property subject to forfeiture include, $155,747 presently held by Andrew Bowman, Esq. (the "Funds");

WHEREAS, Daniel E. Marino ("Marino") represents that he has sole authority to enter into this Stipulation;

WHEREAS, the United States and Marino agree that the Funds should be turned over to the United States and held pending an adjudication on the merits in this forfeiture action;

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between plaintiff, United States of America, by and through its attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, Margery B. Feinzig and Barbara A. Ward, Assistant United States Attorneys, of counsel, and Daniel E. Marino, as follows:

1.    Marino shall promptly cause the Funds to be turned over to the United States by check payable to the United States Marshals Service.

2.    The Funds shall be held by the United States Marshals Service until further order of the Court.

3.    Marino is hereby barred from asserting any claim against the United States or any of its agents and employees, including the Federal Bureau of Investigation, the United States Marshals Service, and the United States Attorney's Office for the Southern District of New York, in connection with, or arising out of, the United States' actions against and relating to the Funds.

2

4.   Marino further agrees to hold harmless the United States and any and all of the United States' agents and employees, including the Federal Bureau of Investigation, the United States Marshals Service, and the United States Attorney's Office for the Southern District of New York, from any and all claims, including third party claims, in connection with or arising out of the United States' actions against and relating to the Funds.

5.   The United States and Marino shall each bear their own costs and attorneys' fees.

6.   The signature pages of this Stipulation may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

7.   This Stipulation constitutes the entire agreement between the United States and Marino with respect to the Funds and may not be amended except by written consent of the same.

8.   The exclusive jurisdiction and venue for any dispute arising between and among the signatories to this Stipulation, and for any action related in any way to an indemnification under this Stipulation, will be the United States

3

District Court for the Southern District of New York, and this

Court, by its endorsement of this Stipulation and Order,

expressly retains such authority.

Dated: New York, New York
       Sept. 16     , 2005

                              MICHAEL J. GARCIA
                              United States Attorney for the
                              Southern District of New York
                              Attorney for the Plaintiff
                              United States of America


                    By:  _____
                         MARGERY B. FEINZIG (MF-0553)
                         BARBARA A. WARD (BW-4314)


                         _____  9/16/05 at 1003 PM
                         DANIEL E. MARINO


                         _____
                         ANDREW BOWMAN, ESQ. (AB3bPC)
                         Attorney for Daniel E. Marino


SO ORDERED:
_____                    Date: 9/16/05
HONORABLE COLLEEN MCMAHON
UNITED STATES DISTRICT JUDGE


                              4



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x

UNITED STATES OF AMERICA,        :        STIPULATION AND ORDER

        -v.-                     :
                                          05 Cr. 1036 (CM)
DANIEL E. MARINO,                :

              Defendant.         :

----------------------------------x

UNITED STATES OF AMERICA,        :

        Plaintiff,               :        05 Civ. 7722 (CM)

        - v -                    :

ALL ASSETS OF BAYOU ACCREDITED   :
FUND, LLC; BAYOU AFFILIATES
FUND, LLC; BAYOU NO LEVERAGE     :
FUND, LLC; BAYOU SUPERFUND, LLC;
BAYOU SECURITIES, LLC; BAYOU     :
MANAGEMENT, LLC; AND BAYOU
FUND LLC, et al.,                :

                                 :
        Defendants in Rem.
----------------------------------x

WHEREAS, in the above-captioned criminal case, on October 19, 2005, the Court

entered a Preliminary Order of Forfeiture as to defendant DANIEL E. MARINO (the

"defendant"), finding him jointly and severally liable for a personal money judgment in the

amount of $450 million, and forfeiting all of his right, title and interest in certain property,

including, but not limited to, all proceeds of the sale of the residence at 261 Bayberry Lane,

Westport, Connecticut, 06880 (the "Property"), on the ground that such property

constitutes proceeds obtained as a result of the offenses charged in Counts One, Three

and Four of the Information, and property traceable to such property;

WHEREAS, on September 1, 2005, the United States initiated the above-captioned civil forfeiture action by the filing of a verified complaint for forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 984 of all right, title and interest in all assets of Bayou Accredited Fund, LLC; Bayou Affiliates Fund, LLC; Bayou No Leverage Fund, LLC; Bayou Superfund, LLC; Bayou Securities, LLC; Bayou Management, LLC; and Bayou Fund LLC, on the ground that such property constitutes the proceeds of mail fraud, wire fraud, and securities fraud, and property traceable to such property;

WHEREAS, as set forth in the Stipulation and Order entered September 15, 2005, a copy of which is attached hereto as Exhibit 1 and is incorporated herein by reference, the property subject to civil forfeiture includes the Property;

WHEREAS, title to the Property is held in the defendant's name, and the Property is subject to various liens and encumbrances, including unpaid real estate taxes, and mortgage liens by Wachovia Bank, National Association, and Wachovia Mortgage Corporation ("Wachovia"), having an unpaid principal balance of approximately $2,900,000, to wit, a mortgage in favor of Wachovia Mortgage Corporation dated December 26, 2003, and recorded on January 5, 2004, in the official land records of the Town of Westport, Connecticut; a mortgage in favor of Wachovia Bank, National Association, dated December 31, 2003, and recorded on January 5, 2004, in the official land records of the Town of Westport, Connecticut; and a mortgage in favor of Wachovia Bank, National Association, dated April 1, 2004 and recorded on April 14, 2004, in the official land records of the Town of Westport, Connecticut (hereinafter collectively referred to as the "Wachovia Loans" or the "Loans");

2

WHEREAS, Wachovia represents that it lacked knowledge that the Property allegedly constituted the proceeds of specified unlawful activity, or property traceable to such property;

WHEREAS, Wachovia has initiated foreclosure proceedings involving the Property in Connecticut state court (the "Foreclosure Action");

WHEREAS, as a result of the physical condition of the Property, market conditions and other factors, the current appraised value of the Property is less than the amount of the principal balance of the Wachovia Loans;

WHEREAS, Wachovia has requested the resolution of the United States's claims for forfeiture of the Property in the above-captioned cases in order to proceed with a sale of its Loans at a discounted price to a purchaser who would have the right to continue the Foreclosure Action;

WHEREAS, Wachovia has offered to pay the United States the sum of $300,000 from the proceeds of the Loan sale in exchange for the Office's agreement to allow Wachovia's sale of the Loans and the Foreclosure Action to go forward, and to release its lis pendens as to the Property;

WHEREAS, based upon circumstances including the principal balance of the Wachovia Loans compared with the depreciated value of the Property, and the need to dispose of the United States's interest in the Property in a manner that will maximize its recovery, for the ultimate benefit of victims of the offense, pursuant to 21 U.S.C. § 853(i)(1), 18 U.S.C. § 981(e)(6) and 28 C.F.R. Part 9, the Office has agreed to accept Wachovia's offer;

3

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between the United States of America, by and through its attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, Margery B. Feinzig, Perry A. Carbone, Barbara A. Ward, and Sharon Cohen Levin, Assistant United States Attorneys, of counsel, and Wachovia Bank, National Association, and Wachovia Mortgage Corporation, by their undersigned counsel, as follows:

1.      Conditioned upon sale of the Loans and from the sale proceeds, Wachovia will pay the United States the sum of $300,000 on or before September 15, 2006, by electronic funds transfer to the United States Marshals Service ("USMS"), ABA No. 021030004, ALC No. 00008154, Federal Reserve Bank of New York, 33 Liberty Street, New York, NY 10045, reference number "CATS 05-FBI-005221" (the "Funds").

2.      The Office consents to Wachovia's sale of the Loans; shall release its lis pendens as to the Property; and will take no action to contest or interfere with the Foreclosure Action on the basis of the United States's claims for forfeiture of the Property in the above-captioned cases.

3.      The USMS shall hold the Funds as a substitute *res* for the Property in the above-captioned cases.

4.      Wachovia is hereby barred from asserting any claim against the United States or any of its agents and employees, including the Federal Bureau of Investigation, the USMS, and the Office, in connection with, or arising out of, the United States's actions against and relating to the Property in connection with the United States's claims for forfeiture of the Property in the above-captioned cases.

4

5.    The terms of this Stipulation and Order are in full settlement and satisfaction of any and all claims by Wachovia to or involving the Property or to property traceable to such Property in the above-captioned cases.

6.  Wachovia understands and agrees that by entering into this settlement of its interests in the Property, it waives any rights to litigate further against the United States its interest in the Property, and to petition for remission or mitigation of the forfeitures in the above-captioned cases.

7.    The Office reserves the right to void this Stipulation if, before payment of the Funds, the Office obtains new information indicating that Wachovia is not an innocent owner or bona fide purchaser for value pursuant to the applicable forfeiture statutes.

8.    The Office and Wachovia shall each bear their own costs and attorneys' fees.

9.    The signature pages of this Stipulation may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

10.    The undersigned individuals signing this Stipulation represent and warrant that they are authorized to execute this Stipulation.  The undersigned United States signatory represents that he/she is signing this Stipulation in his/her official capacity and that he/she is authorized to execute this Stipulation.

11.    The undersigned individuals represent that each of them has obtained all consents, approvals or other acts of any kind required to be obtained or done in order to enable them lawfully to enter into this Stipulation.

5

12.     This Stipulation constitutes the complete agreement between the Office and Wachovia with respect to the Property. This Stipulation may not be amended except by written consent of the same.

13.     The exclusive jurisdiction and venue for any dispute arising between and among the signatories to this Stipulation, and for any action related in any way to an indemnification under this Stipulation, will be the United States District Court for the Southern District of New York, and this Court, by its endorsement of this Stipulation and Order, expressly retains such authority.

Dated: White Plains, New York
      August 28 , 2006

McCARTER & ENGLISH, LLP

By:_____
Joseph Lupertazzi, Jr.
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
Tel. 973-639-2082
Fax 973-297-3940
Counsel for Wachovia Bank,
National Association, and
Wachovia Mortgage Association

MICHAEL J. GARCIA
United States Attorney

By:_____
Margery B. Feinzig
   Perry A. Carbone
Barbara A. Ward
Sharon Cohen Levin
Assistant U.S. Attorneys
Tel. 914-993-1912/212-637-1048
Fax 914-682-3392/212-637-0421

SO ORDERED:

HONORABLE COLLEEN McMAHON
UNITED STATES DISTRICT JUDGE

Date: _____

6