

**LOWENSTEIN SANDLER, PC**
John McFerrin-Clancy (JM-C 6937)
Bruce S. Nathan (BN 4844)
1251 Avenue of the Americas, 18th Floor
New York, New York 10020
Telephone: (212) 262-6700
Facsimile: (212) 262-7402

**SHUGHART, THOMSON & KILROY PC**
Paul D. Sinclair, Esq.
Andrew J. Nazar, Esq.
20 W. 12th Street, Suite 1600
Kansas City, MO  64105
Telephone: (816) 421-3355
Facsimile: (816) 374-0509



*Attorneys for the Trail Ridge Flatiron Fund, L.P.*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X
                    :

UNITED STATES OF AMERICA,       :

          -v.-             :        05 Cr. 1036 (CM)
                    :        *ECF*

DANIEL E. MARINO,          :

        Defendant.      :
-------------------------------------------------------------- X
                    :

UNITED STATES OF AMERICA,       :

          -v.-             :        05 Cr. 1039 (CM)
                    :        *Ecf*

SAMUEL ISRAEL III,         :

        Defendant.      :
-------------------------------------------------------------- X
                    :

UNITED STATES OF AMERICA,       :

          -v.-             :        06 Cr. 1138 (CM)
                    :        *ECF*

JAMES G. MARQUEZ,        :

        Defendant.      :
-------------------------------------------------------------- X

2157168.02

**PETITION OF TRAIL RIDGE FLATIRON FUND, L.P. TO MODIFY RESTITUTION ORDER TO INCLUDE TRAIL RIDGE FLATIRON FUND, L.P. AS VICTIM OF THE BAYOU FRAUD AND PROVIDE FOR A DISTRIBUTION RESERVE**

COMES NOW, Trail Ridge Flatiron Fund, L.P. ("Trail Ridge"), a former investor in Bayou Superfund, LLC ("Bayou Superfund"), through their undersigned counsel, Lowenstein Sandler, P.C. and Shughart, Thomson & Kilroy, P.C., and respectfully petitions the Court that any restitution order submitted in connection with the sentencing of Daniel E. Marino, Samuel Israel, III and/or James G. Marquez provides: (a) that Trail Ridge is listed as a victim of the Bayou fraud; (b) that Trail Ridge receive a pro rata distribution on its $400,000 unredeemed principal amount; and (c) that a reserve is created for amounts to be paid on a pro rata basis on amounts, if any, returned by Trail Ridge to satisfy the present pending fraudulent transfer action pending against it, as more fully set forth below. In support of their petition, Trail Ridge states as follows:

**PRELIMINARY STATEMENT**

Trail Ridge is an entity that invested in Bayou Superfund and redeemed $1.6 million of its $2.0 million principal investment (membership interests in limited liability companies) in accordance with the operative documents governing its interests within two years of the filing of the bankruptcy cases commenced for the Bayou Superfund. Thus, Trail Ridge was a partial redeemer, *losing $400,000 in principal* as the result of the Bayou Superfund fraud and collapse. Trail Ridge has been named in a lawsuit filed in the name of the Bayou Superfund seeking, *inter alia,* return of the principal redemption payment. The lawsuit does not allege that Trail Ridge participated in the fraudulent schemes of the criminal defendants and Trail Ridge contends that it

had no knowledge of the fraud. Notwithstanding its innocence, the outcome of the litigation is uncertain.[1]

By this petition, Trail Ridge requests that it be listed as a victim in the full amount of its $2 million investment in any proposed restitution order entered in connection with the sentencing of Daniel E. Marino, Samuel Israel, III and/or James G. Marquez. Trail Ridge also requests that its $1.6 million redeemed portion of its total $2.0 million claim be held in reserve pending the outcome of the litigation against them in the bankruptcy case. Thus, Trail Ridge would be entitled to the immediate pro-rata distribution from the seized funds on its $400,000 unredeemed principal in the same way all other investors are, but that its pro-rata distribution of funds seized by the government against the Defendants for its $1.6 million redeemed amount be held pending the outcome of the bankruptcy adversary action. In that way, in the event that Trail Ridge does not prevail in the litigation and is required to disgorge all or part of its partial redemption of $1.6 million, Trail Ridge will be treated on a par with those investors in Bayou Superfund and all other related entities ("Bayou Hedge Funds") that did not redeem, redeemed in part, or have already settled their lawsuits in their bankruptcy cases with the return of some part of their principal investment. The treatment of Trail Ridge in the Bayou Hedge Funds and in the bankruptcy cases warrants equality in connection with the restitution scheme.

As more fully set forth below, tailoring the restitution orders to accommodate Trail Ridge is consistent with the Court's authority under the Mandatory Victim Restitution Act ("MVRA") and the letter and spirit of the MVRA. The request in this petition has precedent in the case law interpreting the MVRA as well.

---

[1] The debtors' lawsuits have survived a motion to dismiss based upon *In re Sharp International*, 403 F.3d 43, 54 (2d Cir. 2005), among applicable case law, and a motion for summary judgment on the grounds that there are no real creditors of these Bayou Hedge Funds only equity investors (with, at best, fraud claims subject to subordination to the level of equity under Section 510(b) of the Bankruptcy Code) on whose behalf fraudulent conveyance litigation cannot properly be brought.

For these reasons, as more fully described below, Trail Ridge respectfully requests that their petition be granted.

## FACTUAL BACKGROUND

Trail Ridge adopts the factual background found in paragraphs 1-11, as stated in Docket 29 filed on October 22, 2007 in Case Number 05 CR 1036 (CM) by the Sonnenschein Defendants. ("Docket 29")

### A.    The Basis for the Petition

1.    Based on the available information, which includes proofs of claim filed in the bankruptcy cases and the Bayou records, the debtors estimated that the outstanding liability to the investors in the Bayou Hedge Funds and the offshore funds that have not been sued in the Adversary Proceedings at approximately $280,400,000. The settling investors add an additional $16,633,706 to the amount of investor out-of-pocket losses for a total of $297,033,706. The claims of the remaining investors/defendants that have not settled, including Trail Ridge, add less than $99,000,000 to the victims' claim pool if the debtors were to be completely successful in forcing the return of the entire principal investment of each from each of the remaining investors/defendants.

2.    This petition requests that Trail Ridge be listed as a victim in the full amount of their principal investment, $2.0 million. The petition also asks that the pro rata share of the government seized funds for Trail Ridge's $1.6 million claim be held in reserve pending the outcome of the litigation against them. If Trail Ridge prevails in the litigation, the pro rata share allocated to them can be redistributed among the remaining investor victims of the Bayou fraud. If Trail Ridge does not prevail, it will be treated fairly with the other victims of the Bayou fraud. The addition of the investor defendants to the victims' pool would permit immediate

compensation to one set of investors but at the same time, protect the interests of all the defrauded Bayou investors.

   3. The names and addresses of the remaining investor defendants and the amount of their investments in the Bayou Hedge Funds are known.  The information for Trail Ridge, including the minimum amount of its potential loss is $1.6 million in redeemed principal. Its status as a victim of the Bayou fraud is undisputed.

   4. This petition contemplates that the initial distributions to the Bayou victims would be calculated as a percentage of the losses based upon the aggregate amount of the available liquid assets and approximately $400,000,000 of investor claims.  The pro rata distributions on the partially redeemed funds allocated to Trail Ridge and other similarly situated investors/defendants would be held pending the outcome of the litigation and redistributed pro rata to other victims on the list if the investor/defendants are successful in their defense of the litigation.

**B.** **Legal Basis for the Petition**

   Trail Ridge adopts the Sonnenschein Defendants' legal basis, as stated in Docket 29.


[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

## CONCLUSION

For the reasons stated above, Trail Ridge respectfully requests that the Court grant the

petition and such other and further relief as this Court deems just and proper.

Dated:  New York, New York
      October 31, 2007

                                   LOWENSTEIN SANDLER PC

                                   John McFerrin-Clancy (JM-C 6937)
                                 Bruce S. Nathan, Esq.  (BN 4844)
                                 1251 Avenue of the Americas
                                 18th Floor
                                 New York, NY 10020
                                 Telephone: (212) 262-6700
                                 Facsimile: (212) 262-7402

                                 - and -

                                 SHUGHART, THOMSON & KILROY PC
                                 Paul D. Sinclair, Esq. (MO #26732)
                                 Andrew J. Nazar, Esq.(MO #57928)
                                 120 W. 12th Street, Suite 1600
                                 Kansas City, MO  64105
                                 Telephone: (816) 421-3355
                                 Facsimile: (816) 374-0509

                                 *Attorneys for the Trail Ridge Flatiron Fund, L.P.*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

```
----------------------------------------------------------------X
                                                    :
UNITED STATES OF AMERICA,                           :
                                                    :
            -v-                                     :        05 Cr. 1036 (CM)
                                                    :
DANIEL E. MARINO,                                   :
                                                    :
                        Defendant                   :
----------------------------------------------------------------X
                                                    :
UNITED STATES OF AMERICA,                           :
                                                    :
            -v-                                     :        05 Cr. 1039 (CM)
                                                    :
SAMUEL ISREAL III,                                  :
                                                    :
                        Defendant                   :
----------------------------------------------------------------X
                                                    :
UNITED STATES OF AMERICA,                           :
                                                    :
            -v-                                     :        05 Cr. 1138 (CM)
                                                    :
JAMES G. MARQUEZ,                                   :
                                                    :
                        Defendant                   :        **AFFIDAVIT OF SERVICE**
----------------------------------------------------------------X
```

STATE OF NEW YORK      )
                        ) ss:
COUNTY OF NEW YORK      )

Melissa Tito, being duly sworn, deposes and says:

1.      I am over 18 years of age, am not a part in the above-captioned case, and am employed by the firm of Lowenstein Sandler, P.C.

2.      On October 31, 2007, I served true and correct copies of the **Petition of Trail Ridge Flat Iron Fund LP to Modify Restitution Order to Include Trail Ridge Flat Iron Fund LP as victim of the Bayou Fraud and Provide for a Distribution Reserve**, in the above-captioned matters, by First Class US Mail postage pre-paid and by facsimile, upon the parties listed in the Service List attached hereto.

2160476.02

3.    Also on October 31, 2007, I caused true and correct copies of the aforementioned **Petition of Trail Ridge Flat Iron Fund LP to Modify Restitution Order to Include Trail Ridge Flat Iron Fund LP as victim of the Bayou Fraud and Provide for a Distribution Reserve** to be delivered by First Class US Mail postage prepaid and by hand to the Honorable Colleen McMahon at the United States District Court for the Southern District of New York, 500 Pearl Street, Room 640, New York, New York 10007.

_Melissa Jito_

Sworn to before me this 31st day of October _____, 2007.

_____
Notary Public

EMILY PRIMIANI
Notary Public, State of New York
No. 01PR6090812
Qualified in New York County
Commission Expires April 21, 2011

2160476.02

**Service List**

**BY FACSIMILE AND/OR US MAIL (as indicated)**

**BY FACSIMILE AND US MAIL**
Andrew Bruce Bowman
Law Offices of Andrew B. Bowman
1804 Post Road
Westport, CT 06880
Fax: 203-255-2570

**BY FACSIMILE AND US MAIL**
Sharon Cohen Levin, Esq.
Assistant United States Attorney for S.D.N.Y.
Chief of Asset Forfeiture Unit
One St. Andrews Plaza
New York, NY 10007
Fax: 212-637-0421

**BY FACSIMILE AND US MAIL**
Bradley Drew Simon
Simon & Partners LLP
30 Rockefeller Plaza — 42nd Floor
New York, NY 10112
Fax: 212-332-8909

**BY FACSIMILE AND US MAIL**
Stuart Evan Kahan
Oxman Tulis Kirkpatrick Whyatt & Geiger, LLP
120 Bloomingdale Road
White Plains, NY 10605
Fax: 914-422-3636

**BY US MAIL**
Joseph A Gershman, Esq.
Robert M. Novick, Esq.
Scott H. Berstein, Esq.
Kasowitz, Benson, Torres & Friedman
1633 Broadway
New York, NY 10019

**BY US MAIL**
Office Of The United States Trustee
Lisa L. Lambert, Esq.
33 Whitehall Street, 21st Floor
New York, NY 10004

**BY US MAIL**
Brian L. Shaw, Esq.
Shaw Gussis Fishamn Glantz
Wolfson & Towbin LLC
321 North Clark Street, Suite 800
Chicago, IL 60610

**BY FACSIMILE AND US MAIL**
Margery Beth Feinzig
U.S. Attorney's Office, White Plains
300 Quarropas Street
White Plains, NY 10601
Fax: 914-993-1980

**BY FACSIMILE AND US MAIL**
Lawrence S. Bader
Morvillo, Abramowitz, Grand, Iason,
   Anello & Bohrer, P.C.
565 Fifth Avenue
New York, New York 10017
Fax: 212-856-9494

**BY FACSIMILE AND US MAIL**
Stanley A. Twardy
Doreen Klein
Day Pitney LLP
One Canterbury Green
Stamford, CT 06901
Fax: 203-977-7301

**BY US MAIL**
Dechert LLP
Elise Scherr Frejka
H. Jeffrey Schwartz
Gary Mennitt
30 Rockefeller Plaza
New York, New York 10112

**BY US MAIL**
Klestadt & Winters, LLP
Tracy L. Klestadt
292 Madison Avenue, 17th Floor
New York, NY 10017-6314

**BY US MAIL**
Jeffrey J. Marwil, Esq.
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601-9703

2160476.02