KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
Richard A. Kirby
Philip M. Guess
1601 K Street
Washington, DC  20006-1600
Telephone:  (202) 778-9000
Facsimile:  (202) 778-9100

Litigation Counsel for the Official
Unsecured Creditors' Committee

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X
                            :

UNITED STATES OF AMERICA,     :

                          :    Case No. 05-cr-01036 (CM)

      v.                :

DANIEL E. MARINO,         :

                          :

              Defendant.   :
------------------------------------------------------------X
                            :

UNITED STATES OF AMERICA,     :

                          :    Case No. 05-cr-01039 (CM)

      v.                :

SAMUEL ISRAEL III,        :

                          :

              Defendant.   :
------------------------------------------------------------X
                            :

UNITED STATES OF AMERICA,     :

                          :    Case No. 06-cr-01138 (CM)

      v.                :

JAMES G. MARQUEZ,        :

                          :

              Defendant.   :
------------------------------------------------------------X

**DECLARATION OF RICHARD A. KIRBY IN SUPPORT OF THE OFFICIAL**
**UNSECURED CREDITORS' COMMITTEE'S OPPOSITION TO PETITIONERS'**
**REQUEST TO MODIFY ANY PROPOSED RESTITUTION ORDER**

I, Richard A. Kirby, hereby declare as follows:

1.      I am a partner in the law firm of Kirkpatrick & Lockhart Preston Gates

Ellis LLP ("K&L Gates"), with offices at 1601 K Street, NW, Washington, DC, 20006-

1600, and one of the counsel for the Official Unsecured Creditors' Committee of the

Bayou Group bankruptcy cases (the "Committee").  The United States Trustee appointed

the Committee to represent the interests of unsecured creditors in the bankruptcy cases.  I

make this declaration in support of the Committee's opposition to various pending

motions and petitions.

2.      Attached as **Exhibit 1** is a true and correct copy of the May 27, 2005

Notice of Pending Forfeiture and Notice of Seizure of Forfeiture filed in the Arizona

Superior Court as to the Bayou funds.

3.      Attached as **Exhibit 2** is a true and correct copy of the Arizona Superior

Court's September 28, 2005 Order and Judgment of Forfeiture as to the seized Bayou

funds.

4.      Attached as **Exhibit 3** is a true and correct copy of the October 16, 2005

Application for an Order transferring the forfeited Bayou funds to the United States

District Court, Southern District of New York.

5.      Attached as **Exhibit 4** is a true and correct copy of the Arizona Superior

Court's Order Directing Transfer of Released Funds Re: Account # 2000026084477,

which released the seized Bayou funds to the custody of the United States.

6.      Attached as **Exhibit 5** are excerpts from the Debtors' November 21, 2007

Second Amended Disclosure Statement, filed in the case *In Re: Bayou, LLC, et al.*, Case

No. 06-22306 (Bank. S.D. N.Y.) ("Bayou Bankruptcy"), which constitute summaries of

the settled (5.a) and pending (5.b) adversary proceedings. Each of these adversary proceedings asserts claims for fraudulent transfer under the Bankruptcy Code and state law.

7.     Throughout the Bayou Bankruptcy, Bayou Debtors' counsel has repeatedly represented to the Committee, and in statements made in open court, that to the extent a defendant in an adversary proceeding could demonstrate to Debtors that it redeemed its investment in Bayou in good faith in accordance with Section 548(c) (i.e., without constructive or actual knowledge of the Bayou fraud, contemporaneous government investigations regarding that fraud), the proceedings against those adversary defendants would be dismissed without the need to repay any principal provided the defendants refunded fictitious profits. As demonstrated in Exhibit 5.a, the Debtors have settled with eight defendants on a "profits only" basis.

I declare under the penalty of perjury that the foregoing is true and correct. This declaration was executed in Washington, D.C., on December 12, 2007.

_____
Richard A. Kirby

**EXHIBIT  1**

MICHAEL K. JEANES
Clerk of the Superior Court

TERRY GODDARD, Attorney General
Firm Bar No. 14000
Cameron H. Holmes #004983
Section Chief Counsel
Financial Remedies Section
1275 West Washington Street
Phoenix, Arizona 85007-2926
Telephone: 602 542-8482
Attorneys for the STATE
CRMRacketeering@azag.gov

```
          By RETA SNEDDON, Deputy
         Date 05/27/2005 Time 10:19 AM
      Description       Qty      Amount
      ------- CASE# CV2005-008698 -------
      COM NO TRIAL FEE   001    230.00 (W)
      04 ATTY GEN'L
      -------------------------------------
      TOTAL AMOUNT                   230.00
      DEFERRED/WAIVED AMOUNT         230.00
      AMOUNT PAID                      0.00
            Receipt# 00007062803
          (D)eferred Fee - (W)aived Fee
```

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| IN THE MATTER OF: | Case No: CV  CV2005-008698 |
|---|---|
| In the matter of:<br>The proceeds of Wachovia Corporation<br>Direct Deposit Account Numbers:<br>2000026084477, 2000026090429,<br>2000026090432 and 2000026096326,<br>in the name of Majestic Capital Management | (Cross Reference #SW 2005-001633)<br><br>**NOTICE OF PENDING<br>FORFEITURE AND NOTICE OF<br>SEIZURE FOR FORFEITURE** |

TO:    ALL PERSONS CLAIMING TO BE AN OWNER
OF OR INTEREST HOLDER IN ANY OF THE
PROPERTY DESCRIBED IN **THE CAPTION OF THIS NOTICE:**

YOU ARE HEREBY GIVEN NOTICE pursuant to A.R.S. §§ 13-4307, 13-4308 and

13-4311 that an action as described in the above heading is pending in which the State of

Arizona claims that the property described in the caption of this notice is described in a

statute providing for its forfeiture and is therefore subject to forfeiture. The property has

been seized for forfeiture by the State of Arizona pursuant to A.R.S. §§ 13-2314 13-4310(A),

and 13-4301 *et seq.* based on conduct described in A.R.S. §§ 13-2310, 13-2317 and 13-2312.

The seizure took place in Maricopa County, Arizona.  Any person claiming a lawful interest

in any of the seized property must file a verified claim in the Superior Court in Maricopa

County satisfying the requirements of A.R.S. §13-4311(E) and (F) within thirty (30) days

after service of this notice.  The date of service is the date of mailing.  This claim is separate from and in addition to an answer to a complaint.  This notice does not make uncontested forfeiture available under A.R.S. § 13-4309.

Copies of the claim must be mailed to the seizing agency, the Arizona Attorney General's Office at 1275 W. Washington, Phoenix, AZ 85007 c/o Special Agent Steve Adelstein, and to the Attorney for the State, Assistant Attorney General Cameron Holmes, at the address at the top of this notice.

A.R.S. § 13-4311(E) and (F) provide:

E.    The claim shall be signed by the claimant under penalty of perjury and shall set forth all of the following:

1.    The caption of the proceeding as set forth on the notice of pending forfeiture or complaint and the name of the claimant.

2.    The address at which the claimant will accept future mailings from the court or attorney for the state.

3.    The nature and extent of the claimant's interest in the property.

4.    The date, the identity of the transferor and the circumstances of the claimant's acquisition of the interest in the property.

5.    The specific provisions of this chapter [referring to chapter 39 of Title 13] relied on in asserting that the property is not subject to forfeiture.

6.    All facts supporting each such assertion.

7.    Any additional facts supporting the claimant's claim.

8.    The precise relief sought.

F.    Copies of the claim shall be mailed to the seizing agency and to the attorney for the state.  No extension of time for the filing of a claim may be granted.

If no proper claim is timely made, forfeiture of all interest in the seized property of any person who does not so claim will be applied for.  No person who has not timely filed a proper claim will be a party, be represented, or receive further notice of any proceeding.  By law, no extension of time for the filing of a claim may be granted.  The Complaint may be under A.R.S. § 13-4311, or it may seek relief under all of A.R.S. § 13-2314, particularly (C), (D), (E) and (F), as well as under A.R.S. §§ 13-4312, 13-4313 and 13-4314(F).

The property described in the caption is more particularly described as the proceeds of the following Wachovia Corporation Direct Deposit Accounts, each in the name of Majestic Capital Management:

| | |
|---|---|
| Account 2000026084477 | $100,010,673.68 |
| Account 2000026090429 | $      1,090.18 |
| Account 2000026090432 | $    240,710.16 |
| Account 2000026096326 | $    474,960.00 |
| | |
| Total | $101,727,434.02 |

The above property was seized by the Arizona Attorney General's Office whose address is 1275 W. Washington, Phoenix, AZ 85007 on May 19, 2005.

This notice is also notice of seizure for forfeiture pursuant to A.R.S. § 13-4306(C).

If no Notice of Pending Forfeiture is made within sixty days after the seizure of the property for forfeiture, any owner or interest holder may request the release of the property, pending further proceedings pursuant to the forfeiture statutes, to be commenced within seven years after actual discovery by the State of the last act giving rise to forfeiture. The request should be addressed to the Attorney for the State and should show that the requestor is an owner or interest holder. If the Attorney for the State declines to authorize release of the property by the seizing agency, the request may be addressed to the Superior Court for the County of Maricopa.

Any attempt to hide, transfer, convey or sell any interest in any property seized for forfeiture, or to deposit it with a third party, place it beyond the jurisdiction of the Court, diminish its value or commingle it with other property may result in forfeiture of other property of equal value. If the property is conveyed, alienated, encumbered, disposed of, received, removed from the jurisdiction of the court, concealed, or otherwise rendered unavailable for forfeiture you may be sued for the fair market value of the property together with reasonable investigative expenses and attorney's fees, in addition to other remedies available by law, including criminal as well as civil remedies for fraud.

3

No bond is required as a condition of making a claim, however, A.R.S. § 13-4314(F) provides:

> The court shall order any claimant who fails to establish that his entire interest is exempt from forfeiture under section 13-4304 to pay the costs of any claimant who establishes that his entire interest is exempt from forfeiture under section 13-4304, and the state's costs and expenses of the investigation and prosecution of the matter, including reasonable attorney fees.

DATED this 27th day of May, 2005.

TERRY GODDARD
ATTORNEY GENERAL

Cameron H. Holmes  #004983
Assistant Attorney General
Attorneys for the STATE

4

**EXHIBIT  2**



FILED
MICHAEL K. JEANES, Clerk
By_____
Deputy

1   TERRY GODDARD
    Attorney General
2   Firm Bar No. 14000

3
    Cameron H. Holmes
4   State Bar No. #004983
    Section Chief Counsel
5   Financial Remedies Section
    1275 West Washington Street
6   Phoenix, Arizona 85007-2926
7   Telephone: 602-542-8482
    Fax: 602-542-5997
8   Attorneys for the STATE
9   CRMRacketeering@azag.gov

10              IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

11                  IN AND FOR THE COUNTY OF MARICOPA

12   IN THE MATTER OF:

13   The Proceeds of Wachovia Corporation      | Case No: CV 2005-008698
     Direct Deposit Account Numbers:
14   2000026084477, 2000026090429 and          | (Cross Referenced SW 2005-001633)
     2000026096326 in the name of Majestic
15   Capital Management                         | JUDGMENT:
                                                | ORDER OF FORFEITURE
16

17          The State of Arizona having seized the property listed in Appendix One, attached hereto

18   and incorporated herein, for forfeiture pursuant to A.R.S. § 13-4305 and Notice of Pending

19   Forfeiture having been duly made pursuant to A.R.S. § 13-4307, the Court makes the following

20   Findings of Fact and Conclusions of Law and enters the following Order.

21             <u>FINDINGS OF FACT AND CONCLUSIONS OF LAW</u>

22          The property described in Appendix One is within the jurisdiction of the Superior Court.

23          All persons known to have an interest in the property have been timely served with

24   Notice of Pending Forfeiture, in compliance with A.R.S. § 13-4307.

25

1    The State has presented evidence and information, by Application for Order of Forfeiture
2    and accompanying exhibits demonstrating probable cause to find and conclude that the property
3    listed in Appendix One was:

4    1)    An interest in, security of, claim against or property, office, title, license or
5    contractual right of any kind affording a source of influence over an enterprise whose affairs a
6    person conducted or participated in the conduct of through conduct included in A.R.S. § 13-
7    2301(D)(4);

8    2)    Monies, negotiable instruments, securities, property and/or other things of value
9    used or intended to be used in any manner or part to facilitate the commission of an offense
10   included in the definition of racketeering in A.R.S. § 13-2301(D)(4).

11   The above showing of probable cause satisfies the Court that forfeiture pursuant to
12   A.R.S. §§ 13-2314 and 13-4301, *et seq.*, is authorized as to the property.

13   Probable cause having been shown to the satisfaction of the Court, the time for making
14   claims having expired, the Claim filed on June 23, 2005 having been stricken by this Court, and
15   no claimant having made timely proof as required by A.R.S. § 13-4304, the Court is obliged by
16   A.R.S. § 13-4314 to order the property described in Appendix One forfeited to the State of
17   Arizona.

18                                    **ORDER**

19   All right, title and interest in the property described in Appendix One hereto is forfeited
20   to the State of Arizona, **Office of the Attorney General.** Pursuant to A.R.S. §§ 13-4314(B) and
21   (D) the State has clear title to the property and title to the property and its proceeds vested in the
22   State on the commission of the act or omission giving rise to forfeiture. The Attorney for the
23   State may transfer good and sufficient title to any subsequent purchaser or transferee, and the
24   title shall be recognized by all courts, by this State and by all departments and agencies of this
25   state and any political subdivision. Title shall pass free of any liens or encumbrances, including
26   racketeering liens filed pursuant to A.R.S. § 13-2314.02.

Order of Forfeiture acct # 2000026084477                    2

1     The Arizona State Treasurer is directed to transmit all monies described in Appendix

2  One, together with all interest accrued thereon since its deposit with the Treasurer, to the

3  Attorney General's Anti-Racketeering Revolving Fund for allocation in conformance with

4  A.R.S. § 13-4315, except that in the event that the State of Arizona transfers the property or the

5  action they shall be transferred as directed by the State pursuant to its authority under A.R.S. §

6  13-4306.(A) .

7     The sale, encumbrance or other disposition of property ordered forfeited by this order

8  shall not occur prior to the expiration of fifteen (15) days after this order is executed in order

9  that an aggrieved claimant may apply for a stay on appeal by filing a supersedeas bond with the

10  Superior Court pursuant to Rule 7, Arizona Rules of Civil Appellate Procedure. Failure to file a

11  supersedeas bond in full compliance with Rule 7 will permit disposition of the property,

12  resulting in loss of judicial jurisdiction and an inability to pursue any further action, including an

13  appeal.

14     Pursuant to Rule 54(b) of the Rules of Civil Procedure, the Court has determined that

15  there is no just reason for delay and it is therefore directed that judgment as provided herein

16  shall be entered forthwith.

17

18     DONE IN OPEN COURT this   day of   9/78/05 .

19

20                          Honorable Colin F. Campbell
                                Judge of the Superior Court

21

22

23

24

25

26

## APPENDIX ONE

001)     the proceeds of Wachovia Corporation Direct Deposit Account Number 2000026084477, together with all interest specifically attributable to such proceeds.

**EXHIBIT  3**

MICHAEL JEANES, CLERK
BY _L. Cummings_ DEP
FILED
2006 OCT 16  PM 3: 15

1  TERRY GODDARD, Attorney General
   Firm Bar No. 14000
2  Cameron H. Holmes #004983
3  Section Chief Counsel
   Financial Remedies Section
4  1275 West Washington Street
   Phoenix, Arizona 85007-2926
5  Telephone: 602 542-8482
6  Attorneys for the STATE
   CRMRacketeering@azag.gov
7

8          IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

9            IN AND FOR THE COUNTY OF MARICOPA

10 | **IN THE MATTER OF:**

11 | In the matter of:                     | Case No: CV 2005-008698
   | The proceeds of Wachovia Corporation
12 | Direct Deposit Account Numbers:
13 | 2000026084477, 2000026090429,         | (Cross Reference #SW 2005-001633)
   | 2000026090432 and 2000026096326,
14 | in the name of Majestic Capital Management | **APPLICATION FOR ORDER OF**
15                                         | **TRANSFER OF FUNDS**

16

17        The State of Arizona requests an Order directing the State Treasurer to transfer the

18 property described in Appendix One hereto to the United States District Court for the Southern

19 District of New York, care of the United States Attorney, account United States Marshals

20 Service ALC # 00008154 at the Federal Reserve Bank, N.Y., N.Y., ABA# 02103004, pursuant

21 to A.R.S. §§ 13-2314 and 13-4301 *et seq.*, particularly A.R.S. §§ 13-4306(A) and 13-4311, to be

22 distributed as compensation to persons injured by the racketeering conduct which gave rise to

23 the forfeiture of this property.  The State hereby gives notice that it has lodged the attached

24 proposed Order for entry by the Court pursuant to Rule 58(d), Ariz. R. Civ. Proc., 16 A.R.S.

25        The property described in Appendix One was seized for forfeiture pursuant to A.R.S. §

1  13-4301 *et seq.* The seizure took place on the 19th of May, 2005. An Order of Forfeiture was
2  entered September 28, 2005 forfeiting this property to the State of Arizona.

3      A.R.S. § 13-4306(A) provides that that the attorney for the state "may transfer the
4  property to any other state or federal agency." In this case, the State seized several accounts at
5  Wachovia Bank, all under the control of one Karl Johnson. One of those accounts was released
6  to a specific victim a year ago. The contents of a second account remains in State control
7  pending the completion of a federal fraud investigation in Atlanta, Georgia, whereupon it will be
8  transferred to a receiver now collecting the assets of the fraudulent business for the benefit of
9  victims there pursuant to Civil Action 1:06-CV-1171-CC, Northern District of Georgia, in
10  which the SEC alleges the same variety of fraud asserted by the Arizona Attorney General in its
11  original seizure. This third account represents the largest portion of the seized funds.

12      Shortly after the seizure, the State became aware of a fraud investigation involving a
13  network of hedge funds operating under the Bayou name (collectively "Bayou") in Connecticut
14  and New York, and of the possibility that the seized funds had been transferred from Bayou to
15  Karl Johnson pursuant to the fraud. However, the funds transferred from Bayou had been placed
16  in international banking channels and had undergone numerous international transfers on three
17  continents making it uncertain that the seized funds were the same as the missing Bayou funds.
18  The State of Arizona assured the United States Attorney for the Southern District of New York
19  that the State of Arizona would complete its forfeiture action and hold the funds in an interest-
20  bearing account pending an authoritative tracing of the funds. This was designed to eliminate
21  the possibility that some victims other than the Bayou victims were the true owner of the funds.
22  If that were the case, those other victims would have been further damaged by an incorrect
23  release of their funds to the Bayou victims. The State of Arizona assured the United States
24  Attorney that as soon as the tracing was complete and showed that these funds are in fact
25  derived from the Bayou fraud, the State would transfer the seized and forfeited property to the
26  United States Marshals Service for the Southern District of New York, for the benefit of the

2

1  Bayou victims.

2      The tracing task has proven to be long and arduous, involving many transfers of the funds

3  through financial institutions around the world.  It has ended with a high degree of certainty.

4  Pursuant to the Affirmation of a representative of the Federal Bureau of Investigation, attached

5  as Exhibit A, transmitted by the United States Attorney for the Southern District of New York

6  by letter dated September 28, 2006, setting forth facts sufficient to demonstrate that the property

7  listed in Appendix One is in fact the property of the victims of the Bayou fraud, the Attorney

8  General has determined that release of these funds to the United States District Court for the

9  Southern District of New York in care of the United States Attorney for the District of New

10 York is appropriate because it is the most efficient method of restoring these funds to the

11 persons injured by the racketeering conduct.

12      Because the funds remain in the constructive custody of this Court, the Arizona Treasury

13 cannot transfer them without an order of this Court.  Therefore, under A.R.S. § 13-4306(A), the

14 State requests that this Court enter the attached Order.

15      RESPECTFULLY SUBMITTED this _16ᵗʰ_ day of October, 2006.

16

17                    TERRY GODDARD
                      ATTORNEY GENERAL
18

19                    by Cameron H. Holmes
                      Assistant Attorney General
                      Attorneys for the STATE
20  ORIGINAL filed this

21  _16ᵗʰ_ day of October, 2006. with:
    Clerk of the Superior Court
22  Maricopa County

23  COPY of the foregoing hand-delivered
    this _16ᵗʰ_ day of October, 2006, to:
24  The Honorable Paul McMurdie
    Maricopa County Superior Court
25  101 W. Jefferson, ECB-413
    Phoenix, AZ 85003
26

    C. Keppler

                                    3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## APPENDIX ONE

001) the proceeds of Wachovia Corporation Direct Deposit Account Number 2000026084477, in the original deposit amount of $100,010,673.68, together with all interest attributable to such proceeds.

4

# EXHIBIT A

## Affirmation

STATE OF NEW YORK          )
COUNTY OF WESTCHESTER      : ss.:
SOUTHERN DISTRICT OF NEW YORK  )

KEVIN G. WALSH, pursuant to Title 28, United States Code, Section 1746, hereby declares:

1.  I am a financial analyst with the Federal Bureau of Investigation ("FBI"), assigned to the White Collar Crime Squad in White Plains, New York. I have been a financial analyst with the FBI for approximately 7 ½ years. Prior to that, I was an auditor with the FBI for approximately 6 years.

2.  I, and others assigned to this case, have analyzed bank records and traced the transfer of $120,000,000 from the Bayou Management LLC, Special Account maintained at Citibank (USA) on or about July 8, 2004, until the remaining $99,191,102.18 were seized on or about May 24, 2005. (On or about April 25, 2005, an additional $810,000 were transferred from a Bayou account at Wachovia Bank (USA) and also seized).

3.  The attached flow chart, which I prepared, and records submitted herewith reflect the following:

A.  On or about 7/8/04, $120,000,000 were transferred from Citibank, USA, account number 48916480 in the name of "Bayou Management LLC Special Account" to Postbank, Germany, account number 8660667196 in the name of "Samuel Israel III" (the "ISRAEL POSTBANK ACCOUNT"). Other than returns of funds transferred out of the account and reversals of wire transfer fees, no other funds were deposited into this account.

1

B.    On or about 8/12/04, $109,953,000 were transferred
from the ISRAEL POSTBANK ACCOUNT to
HypoVereinsbank, Germany, account number 358958222
in the name of "Samuel Israel III" (the "ISRAEL
HYPOVEREINSBANK ACCOUNT"). But on or about
8/17/04, HypoVereinsbank returned the $109,953,000
to the ISRAEL POSTBANK ACCOUNT, because
HypoVereinsbank was suspicious about the
circumstances of the transfer. On or about
8/20/04, $109,953,000 were transferred, for a
second time, from the ISRAEL POSTBANK ACCOUNT to
the ISRAEL HYPOVEREINSBANK ACCOUNT. On or about
8/26/04, for the same reason, HypoVereinsbank
again returned the $109,953,000 to the ISRAEL
POSTBANK ACCOUNT.

C.    On or about 8/31/04, $109,953,000 were transferred
from the ISRAEL POSTBANK ACCOUNT and credited to
Postbank account number 908161203 in the name of
"Polaris Group Inc" (the "POLARIS POSTBANK
ACCOUNT") as 90,652,980.46 Euros. On or about
9/23/04, 50,000,000 Euros were transferred from
the POLARIS POSTBANK ACCOUNT to Postbank Easytrade
account number 80050555 in the name of "Walter
Golan/Polaris Group Inc." (the "EASYTRADE
ACCOUNT"). However, on or about 10/4/04, the
50,000,000 Euros were returned to the POLARIS
POSTBANK ACCOUNT because of an official inquiry.
According to a Hamburg law enforcement officer,
who contacted a Postbank official, the 50,000,000
Euros were the only monies in the EASYTRADE
ACCOUNT. Other than the 50,000,000 Euros that
were transferred back to the POLARIS POSTBANK
ACCOUNT, no other funds were deposited into the
POLARIS POSTBANK ACCOUNT.

D.    On or about 10/8/04, 90,585,928.54 Euros were
transferred from the POLARIS POSTBANK ACCOUNT to
Postbank Account number 468208. According to a
Hamburg law enforcement officer, who contacted a
Postbank official, that account is an internal
tracing account (the "POSTBANK INTERNAL TRACING
ACCOUNT") and during the time the money was in
that account, no one had access to the money.

E.    On or about 10/22/04, 90,585,928.54 Euros were
transferred from the POSTBANK INTERNAL TRACING
ACCOUNT to Kreis-Und Stadtsparkasse Bank, Germany,

2

account number 220568885 in the name of "Samuel Israel III" (the "PRIMARY ISRAEL STADTSPARKASSE ACCOUNT"). On or about 11/18/04, two transfers, totaling 36,935.62 Euros were made from the ISRAEL POSTBANK ACCOUNT into the PRIMARY ISRAEL STADTSPARKASSE ACCOUNT. Portions of the funds deposited in the PRIMARY ISRAEL STADTSPARKASSE ACCOUNT were transferred to two other Israel accounts at Stadtsparkasse Bank (the "ISRAEL STADTSPARKASSE ACCOUNT I" and the "ISRAEL STADTSPARKASSE ACCOUNT II"). Some of the money in the PRIMARY ISRAEL STADTSPARKASSE ACCOUNT and the ISRAEL STADTSPARKASSE ACCOUNT I were transferred out of the bank for various payments and fees. Additionally, some of the money in the ISRAEL STADTSPARKASSE ACCOUNT I was used to purchase bonds. On or about 12/6/04, the bonds were redeemed and the proceeds, including interest, were credited to the ISRAEL STADTSPARKASSE ACCOUNT I. Ultimately, all the remaining money in the ISRAEL STADTSPARKASSE ACCOUNT I and the ISRAEL STADTSPARKASSE ACCOUNT II, were either transferred out or back to the PRIMARY ISRAEL STADTSPARKASSE ACCOUNT. No other funds, other than interest payments, were deposited into any of the Israel accounts at Stadtsparkasse Bank.

F.  On or about 12/6/04, 90,000,000 Euros were transferred from the PRIMARY ISRAEL STADTSPARKASSE ACCOUNT to ODL Securities, England, account number XH032 in the name of "Mr. S. Israel III" (the "ISRAEL ODL ACCOUNT"). On or about 1/24/05, 22,000,000 Euros were transferred to an ODL securities account at another bank for the purpose of purchasing bonds. According to ODL documents, the bond trade never occurred and ODL returned the money to the ISRAEL ODL ACCOUNT on or about 1/26/05. No other funds, other than interest payments, foreign currency exchanges, and wire transfers that were returned to the account, were deposited into the ISRAEL ODL ACCOUNT.

G.  On or about 4/12/05, $99,191,102.18 were transferred from the ISRAEL ODL ACCOUNT to Wachovia Bank, U.S.A., account number 2000026084477 in the name of "Majestic Capital Management" (the "MAJESTIC WACHOVIA ACCOUNT").

3

H.   On or about 4/25/05, $810,000 were transferred
from Wachovia Bank, U.S.A., account number
2000013126885, in the name of "Bayou Management
LLC," to the MAJESTIC WACHOVIA ACCOUNT.

4.   I declare under penalty of perjury, that the foregoing
is true and correct, pursuant to Title 28, United States Code,
Section 1746.


Dated:   White Plains, New York
         September 28, 2006



KEVIN G. WALSH
Financial Analyst
Federal Bureau of Investigation

4