USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __2/4/08__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------x

UNITED STATES OF AMERICA,          :

       -v.-                            :

DANIEL E. MARINO,                   :

       Defendant.              :

------------------------------x

FINAL ORDER OF FORFEITURE

05 Cr. 1036 (CM)

WHEREAS, on September 29, 2005, the defendant DANIEL E. MARINO (the "defendant") was charged in Information 05 Cr. 1036 (CM) (the "Information") with conspiracy to commit investment adviser fraud, mail fraud and wire fraud, in violation of 18 U.S.C. § 371 (Count One); investment adviser fraud, in violation of 15 U.S.C. §§ 80b-6 and 80b-17 (Count Two); mail fraud, in violation of 18 U.S.C. § 1341 (Count Three); and wire fraud, in violation of 18 U.S.C. § 1343 (Count Four);

WHEREAS, the Information included a forfeiture allegation charging that the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses set forth in Counts One, Three and Four of the Information, to wit, a sum of money equal to $450 million, representing the amount of proceeds obtained as a result of the mail fraud, wire fraud and conspiracy offenses alleged in this Information, for which the defendant and his co-conspirators are jointly and severally liable, with said sum

including, but not limited to, all right, title and interest of the defendant in the following, and all property traceable thereto:

      a.    Approximately $100,010,673.68 on deposit at Bank of America in the name of the Arizona State Treasurer and referenced as SW 2005-001633;

      b.    All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 261 Bayberry Lane, Westport, Connecticut, 06880;

      c.    All right, title and interest of the defendant in any entities or partnerships, including but not limited to, IM Partners and IMG LLC, and any and all assets, including bank accounts, held by or for the benefit of such entities or partnerships; and

      d.    Any and all interests in any bank accounts and/or brokerage accounts held by or for the benefit of the defendant;

WHEREAS, on September 29, 2005, the defendant pleaded guilty pursuant to a plea agreement in which the defendant admitted to the forfeiture allegations in the Information and agreed to forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), (i) a sum of money equal to $450 million, representing the amount of proceeds obtained as a result of the offenses charged in Counts One, Three and Four of the Information (the "Money Judgment"); and (ii) all right, title and interest of the defendant in the following property, on the ground that it constitutes proceeds obtained as a result of the offenses charged in Counts One, Three and Four, and property traceable to such property, and which shall be applied to the Money Judgment:

2

     a.    Approximately $100,010,673.68 on deposit at Bank of America in the name of the Arizona State Treasurer and referenced as SW 2005-001633 (the "Arizona Seized Funds");

     b.    $155,747 in cash described in the stipulation executed by the defendant and the Government, dated September 15, 2005 and "so ordered" by the Hon. Colleen McMahon (a copy of which is attached hereto as Exhibit A and incorporated herein by reference);

     c.    All proceeds of the sale of the residence at 261 Bayberry Lane, Westport, Connecticut, 06880 described in the stipulation executed by the defendant and the Government dated September 15, 2005 and "so ordered" by the Hon. Colleen McMahon (a copy of which is attached hereto as Exhibit B and incorporated herein by reference);

     d.    All right, title and interest of the defendant in any entities or partnerships, including but not limited to, IM Partners and IMG LLC, and any and all assets, including bank accounts, held by or for the benefit of the defendant; and

     e.    Any and all interests in any bank accounts and/or brokerage accounts, held by or for the benefit of the defendant;

WHEREAS, on or about October 20, 2005, the Court entered a Preliminary Order of Forfeiture (the "Order") against the defendant DANIEL E. MARINO, as to the following property (without prejudice to the Government's seeking an Amended Preliminary Order which specifies all of the forfeitable assets included in the Information and plea agreement):

     a.    $155,747 in cash described in the stipulation executed by the defendant and the Government, dated September 15, 2005 and "so ordered" by the Court;

     b.    All proceeds of the sale of the residence at 261 Bayberry Lane, Westport, Connecticut, 06880 described in the stipulation executed by the defendant

3

and the Government dated September 15, 2005 and "so ordered" by the Court;

c.    All right, title and interest of the defendant in any entities or partnerships, including but not limited to, IM Partners and IMG LLC, and any and all assets, including bank accounts, held by or for the benefit of the defendant; and

d.    Any and all interests in any bank accounts and/or brokerage accounts, held by or for the benefit of the defendant;

A copy of the Order is attached hereto as Exhibit A and

incorporated herein by reference as if set out in full;

WHEREAS, on March 23, 2007, the Court entered an

Amended Preliminary Order of Forfeiture (the "Amended Order"),

because the Government identified additional specific assets

which are forfeitable under the Order:

a.    $155,763.43 in cash (listed above as item (a)) described in the stipulation executed by the defendant and the Government, dated September 15, 2005 and "so ordered" by the Hon. Colleen McMahon (CATS 05-FBI-005220);

b.    $300,000.00 transferred to the United States Marshals Service ("USMS") Seized Assets Deposit Account on or about September 6, 2006 as a substitute *res* for the proceeds of the sale of the residence at 261 Bayberry Lane, Westport, Connecticut, 06880 (listed above as item (b)), in accordance with the terms of the Stipulation and Order between the Government and Wachovia Bank National Association and Wachovia Mortgage Corporation, endorsed by the Court on August 19, 2006 (CATS 05-FBI-005221);

c.    $500,000 plus interest at a rate of 6 percent per annum, representing the payment on a promissory note dated November 11, 2004 (included within item (c), above) (CATS 06-FBI-002664);

4

      d.    All right, title and interest of the defendant in any investments in Acopia entities or partnerships, including but not limited to, the following funds placed on deposit in the USMS Seized Assets Deposit Account on or about September 20, 2006:

      i.   Meritech, $154,909.80;
      ii.  Charles River, $470,738.25;
      iii. Accel, $318,973.95; and
      iv.  Star, $214,177.50,

(described above in item (c)) (CATS 06-FBI-001416);

      e.    $100,727,434.02 on deposit in the USMS Seized Assets Deposit Account, representing Bayou investor funds in the amount of at least $100,001,102.00 (plus interest) that were transferred by the defendants to Account No. 2000026084477 in the name of Majestic Capital Management at Wachovia National Bank in Flemington, New Jersey (CATS 05-FBI-004712); and

      f.    $370,181.88 on deposit in the USMS Seized Assets Deposit Account, representing monies held by or for the benefit of the defendant (included within in item (d), above) (CATS 06-FBI-001416),

and all property traceable to such property, including but not limited to all interest and income accrued thereon (hereinafter, the "Specific Property"); A copy of the Amended Order is attached hereto as Exhibit B and incorporated herein by reference as if set out in full;

WHEREAS, the provisions of 21 U.S.C. § 853(n)(1), require publication of notice of forfeiture and of the Government's intent to dispose of the Specific Property before the United States can have clear title to the Defendant Currency;

WHEREAS, on November 4, 2005, notice of the forfeiture action was sent by certified mail to Andrew Bruce Bowman, Esq.,

5

as counsel to the defendant, at the Law Offices of Andrew B. Bowman, 1804 Post Road East, Westport, CT 06880. A copy of the notice and certified mail receipt is attached hereto as Exhibit C;

WHEREAS, notice of the Order of forfeiture was duly published in the New York Law Journal, once in each of three successive weeks beginning on November 30, 2005. Proof of such publications were filed with the clerk of the Court on January 30, 2006.

WHEREAS, notice of the Amended Order of forfeiture was duly published in the U.S.A. Today, once in each of three successive weeks beginning on May 23, 2007. Proof of such publications were filed with the clerk of the Court on August 13, 2007. Copies of the proof of such publications are attached hereto as Exhibit D;

WHEREAS, pursuant to 21 U.S.C. § 853, the United States shall have clear title to any forfeited property if no petitions for a hearing to contest the forfeiture have been filed within 30 days of final publication of notice of the forfeiture as set forth in 21 U.S.C. § 853 (n)(1); and

WHEREAS, 30 days have expired since final publication of notice and no petitions to contest the forfeiture have been filed;

6

WHEREAS, on January 29, 2008, the defendant was sentenced to, among other things, a forfeiture money judgment in the amount of $450,000,000.00, and forfeiture of the Specific Property as listed in the Amended Order. It is the intention of this Office to request that the forfeited property be restored to the victims as listed in the Restitution Order to be entered by this Court;

NOW, THEREFORE, on the application of MICHAEL J. GARCIA, United States Attorney for the Southern District of New York, by Sharon Cohen Levin, Assistant United States Attorney, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.     As a result of the offenses in the Information, for which the defendant pled guilty, a money judgment in the amount of $450,000,000.00 shall be entered against the defendant.

2.     The Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n), and shall be applied to the outstanding Money Judgment, in partial satisfaction, thereof.

3.     All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable, in this instance to the "United States Marshals Service", and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Asset Forfeiture Unit, One St. Andrews Plaza, New York, New York 10007.

7

4.     Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Order of Forfeiture the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of the property, including depositions, interrogatories, requests for production of documents and to issue subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

5.     The Clerk of the Court shall forward four certified copies of this order to Assistant U.S. Attorney Sharon Cohen Levin, One St. Andrew's Plaza, New York, New York, 10007.

Dated:     New York, New York
           ~~January~~ _____, 2008

SO ORDERED:

HONORABLE COLLEEN McMAHON
UNITED STATES DISTRICT JUDGE

8