**K&L|GATES**

Kirkpatrick & Lockhart Preston Gates Ellis LLP
1601 K Street NW
Washington, DC 20006-1600

T 202.778.9000    www.klgates.com

March 26, 2008

Richard A. Kirby
202.661.3730
richard.kirby@klgates.com

**VIA ELECTRONIC FILING AND FACSIMILE**

The Honorable Colleen McMahon
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 640
New York, NY 10007
Fax: (212) 805-6326

Re:   *United States v. Marino* (05-1036)
       *United Sates v. Israel* (05-1039)
       *United States v. Marquez* (06-1138)

Dear Judge McMahon:

On behalf of the Official Creditors' Committee of the Bayou Family of Companies ("Committee"), we write in response to multiple letters submitted on behalf of certain adversary proceeding defendants opposing the U.S. Attorney's March 14, 2008 proposed restitution plan. The Committee fully supports the U.S. Attorney's proposed restitution plan as filed. The adversary defendants' objections and alternative plan are unfounded and should not be approved

The adversary defendants seek further delay of distributions of restitution funds despite: (1) the proposed plan provides a reserve fund—the precise relief that adversary defendants previously demanded—designed to fully protect any contingent victims' interest; (2) all relevant parties have committed to equal treatment of actual and contingent victims; and (3) further delay in distribution will continue to prejudice those hardest hit by the Bayou fraud— *i.e.*, those individuals who to date have received return of *none* of their initial Bayou investment. In fact, the adversary defendants' protestations have nothing to do with being treated the same as actual victims, as they have been repeatedly assured that they will not be prejudiced by this distribution. Instead, these adversary defendants seek delay to gain a strategic advantage in the parallel Bayou bankruptcy proceedings.

DC-1005308 v1 2055899-99999

K&L|GATES

The Honorable Colleen McMahon
March 26, 2008
Page 2

1. **The U.S. Attorney's Restitution Plan Fully Protects Contingent Victims**

The U.S. Attorney's restitution plan is simple. Restitution will be made in tranches, with current Bayou victims' claims receiving an initial distribution, but with sufficient funds held in reserve so that all contingent victims, once their contingency is removed, receiving a subsequent distribution identical to that received by current victims. In sum, any adversary defendants' hypothetical future losses will receive the same *pro rata* distribution that the present victims receive.

None of the adversary defendants have contended that the size of the proposed reserve fund is insufficient to protect their full potential claim. The Sonnenschein Investors' sole contention is that the U.S. Attorney has not included a "second list" of contingent victims in the proposed restitution order. This is a red herring. The U.S. Attorney's Office has solicited a list of all contingent victim claims from all interested parties, including the adversary defendants, and we understand that this list will be submitted to the Court shortly. The contingent victims list forms the basis of the U.S. Attorney's reserve computation and includes all Bayou investors who have been sued or are likely to be sued by the Bayou off-shore and on-shore debtors and lists the amount of principal at issue in those proceedings.[1]

The adversary defendants' argument that no reserve mechanism can be utilized to protect their interests is contradicted by their initial petitions to the Court in which they requested that the Court establish a reserve for their pro rata share of the forfeited funds should they become recognizable victims. *See* Petition of the Sonnenschein Defendants, 10/22/07, at 2-3, 9 (requesting a reserve in which "[t]he pro rata distributions allocated to the Sonnenschein Investors and other similarly situated investors would be held pending the outcome of the litigation...."); Petition of Christian Brothers High School Endowment, 10/22/07, at 2; Petition of Freestone Low Volatility Partners, L.P., 10/23/07, at 2-3; Petition of Trail Ridge Flatiron Fund, L.P., 10/31/07, at 3; Petition of the Sterling Stamos Funds, 11/12/07, at 2. The adversary defendants now oppose the exact restitution plan that they themselves demanded only months ago.

---

[1] While Highgate Partners cites the recent filing of 47 adversary proceedings as evidence of further contingent claims, these suits only seek return of fictitious profits which are not subject to victim claims of restitution. *See In re Bayou Group LLC,* No. 06-22306, Dkt No. 817, Motion of the Debtors Pursuant to Federal Rule Bankruptcy Procedure 9019 for an Order Authorizing and Approving Settlement Agreement, ¶ 22 (March 20, 2008), ("[O]n February 29, 2008, the Debtors commenced an additional 47 adversary proceedings seeking the return of fictitious profits against certain redeeming investors who received at least one redemption payment from the Debtors between two and six years of the Petition Date in an amount in excess of $4.5 million.")

**K&L | GATES**

The Honorable Colleen McMahon
March 26, 2008
Page 3


2. **Full Equality Among Victims Will Be Coordinated with the Bankruptcy**

The U.S. Attorney's Office, the Court, the Committee, and the Bayou Debtors recognize that the restitution provided in the criminal proceedings by the Bayou principals and distribution in the Bayou bankruptcy are closely intertwined and need to be coordinated. The adversary defendants now contend that the Committee will not agree to protections to prevent contingent victims and current victims from receiving unequal treatment in the Bayou bankruptcy following the receipt of their restitution distributions. Sonnenschein Investors' letter, 3/19/08, pg. 2 ("We were unable to reach an agreement with [the Committee] because Mr. Kirby was not willing to consider a mechanism that would prevent his constituents from seeking to recover the full amount of their principal investment from both the bankruptcy estates and the Government fund without adjustment from either source."). This statement is demonstratively incorrect. The Committee has repeatedly assured the adversary defendants that all actual victim claims will be treated equally under both any restitution plan and the Bayou bankruptcy:

> *The Committee's goal* from the outset of this case has been *equality between redeeming and non-redeeming investors*. Although we are dealing with parallel distributions from separate funds, we do not view this as an overly difficult task.
>
> Under the formula for the reserve fund that I distributed on Friday, the reserve fund will fully protect all of the adversary defendants for their pro rata share of the reserve fund should they settle or lose the adversary proceedings. Thus, equality will be accomplished in the restitution fund.
>
> In the bankruptcy cases, any adversary defendant that loses at summary judgment or trial (and pays) will have a 502(h) claim for the full amount of their claim. Once a distribution has been made from the restitution fund, the ***Debtors can either reduce the bankruptcy claim by the amount of restitution fund payment for each victim (each subtract ~30%) or treat all investors' claims the same (100% of principal). The same result would attach either way.***

February 19, 2008 email from R. Kirby to Adversary Defendants, Assistant U.S. Attorneys, and Debtors' counsel (Attachment A, emphasis added).

Thus, not only has the Committee stated that it is committed to equality, it has identified the two ways that such equality may be achieved: (1) each victim or contingent victim's claim in the bankruptcy estate is reduced by any distributions received from the restitution; or (2) each victim or contingent victim's claim in the bankruptcy estate is <u>not</u> reduced by any

K&L|GATES

The Honorable Colleen McMahon
March 26, 2008
Page 4

distributions received from the restitution. Either way, present victims and contingent victims will be treated equally in the Bayou bankruptcy.

Despite the Committee's repeated requests for comments on this proposal (see, e.g., Attachment A, pg. 2), the adversary defendants refused to do so. Nor did they make any substantive proposal, written or otherwise, of their own. Instead, several adversary defendants stated that the way to resolve the dispute over the restitution would be to dismiss the adversary proceedings or compromise them. They have tipped their hand as to their real motive in positing this objection: they seek to gain leverage in the adversary proceedings by obstructing current victim distributions. They have no real intent to enter into a stipulation to assure full equality of treatment as offered in my February 19, 2008 email.

3.   **Continued Delay Would Only Further Harm Bayou's Victims**

Bayou's onshore and offshore victims lost a total of $309 million in the Bayou fraud. Hundreds of victims, most of whom are individuals, have waited for over two and one-half years without receiving any return from their forfeited investment. The principal remaining asset available to Bayou's victims is the more than $110 million of former Bayou assets forfeited by the defendants to the United States. The U.S. Attorney's Office and the Committee have proposed a mechanism that will allow an initial distribution to current victims while fully protecting the contingent claims of future victims, including the objecting adversary defendants.

At the sentencing hearing for defendant Marquez, the Court stated its concern that the U.S. Attorney's initial restitution plan could potentially prejudice the adversary defendants and, hence, the Court would not permit distribution from the restitution fund until all adversary proceedings were resolved. Following that hearing, and consistent with the adversary defendants' petitions to the Court, the U.S. Attorney's Office and the Committee worked to fashion a restitution plan that would guarantee equality of treatment for all victims through a reserve fund and tranche distributions. At the sentencing hearing for defendant Marino, the Court instructed the parties to attempt to reach an agreement on the method for distribution. For the reasons stated above, however, the adversary defendants must bear the burden of the absence of an agreement. The U.S. Attorney's proposed restitution plan fully achieves the Court's objective of full equality of treatment and full protection for contingent victims.

Contrary to the assertion of Highgate, the Mandatory Victim Restitution Act ("MVRA") does not mandate delay. 18 U.S.C. § 3664(j)(2) has been interpreted to preclude victims from receiving more than their actual loss from restitution fund payments and recoveries in civil actions. See, e.g., U.S. v. Nucci, 364 F.3d 419, 423 (2d Cir. 2004) (holding purpose of the statute is to prevent recovery in excess of amount of actual loss); U.S. v. Stanley, 309 F.3d 611, 613 (9th Cir. 2002) (same). Unfortunately, there is not even a remote possibility that

**K&L|GATES**

The Honorable Colleen McMahon
March 26, 2008
Page 5

any of the Bayou victims will receive anything close to recovering all of their $309 million in losses, let alone exceeding that amount. Section 3664(j)(2) does not bar restitution payments to victims who have also asserted claims against third-parties in pending parallel actions. This would preclude *any* party from receiving restitution while *any* other litigation is pending. Such an interpretation would run contrary to the statute, which is designed to quickly distribute money to victims of criminal activity.

Further delay of the initial distribution of the Bayou restitution is unnecessary to protect the adversary defendants' interests and will only cause Bayou's victims needless additional financial hardship. Accordingly, we urge the Court to approve the U.S. Attorney's proposed restitution plan.

Very truly yours,

KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP

By
Richard A. Kirby

Attachments


cc:    See attached service list

DC-1005308 v1 2055899-99999

**K&L | GATES**

| Email Service List | | |
|---|---|---|
| **Name** | **Firm** | **Email** |
| Gary J. Mennitt | Dechert LLP | gary.mennitt@dechert.com |
| H. Jeffrey Schwarts | Dechert LLP | h.jeffrey.schwartz@dechert.com |
| Elise S. Frejka | Dechert LLP | elise.frejka@dechert.com |
| Philip Bentley | Kramer Levin Naftalis & Frankel LLP | pbentley@kramerlevin.com |
| Kalman Ochs | Fried, Frank, Harris, Shriver & Jacobson LLP | kalman.ochs@friedfrank.com |
| Bonnie Steingart | Fried, Frank, Harris, Shriver & Jacobson LLP | bonnie.steingart@friedfrank.com |
| Joseph A. Gershman | Kasowitz, Benson, Torres & Friedman, LLP | jgershman@kasowitz.com |
| Robert M. Novick | Kasowitz, Benson, Torres & Friedman, LLP | rnovick@kasowitz.com |
| Richard B. Feldman | Rosenberg Feldman Smith, LLP | rfeldman@rfs-law.com |
| Michael L. Cook | Schulte Roth & Zabel LLP | michael.cook@srz.com |
| Marcy R. Harris | Schulte Roth & Zabel LLP | marcy.harris@srz.com |
| Charles A. Gilman | Cahill Gordon & Reindel LLP | cgilman@cahill.com |
| Kevin J. Burke | Cahill Gordon & Reindel LLP | kburke@cahill.com |
| P. Gregory Schwed | Loeb & Loeb LLP | gschwed@loeb.com |
| Joseph W. Allen | Jaeckle Fleischmann & Mugel, LLP | jallen@jaeckle.com |
| Andrew Bruce Bowman | Law Offices of Andrew B. Bowman | andrew.bowman@snet.net |
| Lawrence S. Bader | Morvillo, Abramowitz, Grand, Jason, Anello & Bohrer P.C. | lbader@maglaw.com |
| Bradley Drew Simon | Simon & Partners LP | bradsimon@simonlawyers.com |
| Stanley A. Twardy | Day Pitney LLP | satwardy@daypitney.com |
| Doreen Klein | Day Pitney LLP | dklein@daypitney.com |
| Stuart Evan Kahan | Oxman Tulis Kirkpatrick Whyatt & Geiger LLP | skahan@oxmanlaw.com |
| Heidi J. Sorvino | Katten Muchin Rosenman LLP | heidi.sorvino@kattenlaw.com |
| Jeff J. Friedman | Katten Muchin Rosenman LLP | jeff.friedman@kattenlaw.com |
| Qubilah A. Davis | Katten Muchin Rosenman LLP | qubilah.davis@kattenlaw.com |

DC-1005308 v1 2055899-99999

K&L|GATES

| Email Service List | | |
|---|---|---|
| **Name** | **Firm** | **Email** |
| M. Williams Munno | Seward & Kissel LLP | munno@sewkis.com |
| John McFerin-Clancy | Lowenstein Sandler, PC | jmcferrin-clancy@lowenstein.com |
| Bruce S. Nathan | Lowenstein Sandler, PC | bnathan@lowenstein.com |
| Paul D. Sinclair | Shughart, Thomson & Kilroy PC | psinclair@stklaw.com |
| Andrew J. Nazer | Shughart, Thomson & Kilroy PC | anazar@stklaw.com |
| Merrill G. Davidoff | Berger & Montague, P.C. | mdavidoff@bm.net |
| Margery B. Feinzing | United States Attorneys Office | margery.feinzig@usdoj.gov |
| Sharon Cohen Levin | United States Attorneys Office | sharon.levin@usdoj.gov |
| Trip Finley | Diamond McCarthy Taylor Finley & Lee LLP | tfinley@diamondmccarthy.com |
| James Shinehouse | Kroll Talbot Hughes | jshinehouse@kroll.com |
| William Pike | Kroll Talbot Hughes | wpike@kroll.com |
| Richard M. Allen | Richard M. Allen, Esq. | rmallenski@aol.com |
| Carole Neville | Sonnenschein Nath & Rosenthal LLP | cneville@sonnenschein.com |

DC-1005308 v1 2055899-99999

# Attachment A

**From:** Kirby, Richard
**Sent:** Tuesday, February 19, 2008 4:26 PM
**To:** Richard Feldman; Neville, Carole; Michael.cook@srz.com; Brian.kohn@srz.com; Falkowitz, Holly; Lepera, Christine; gschwed@loeb.com; Harris, Marcy
**Cc:** gary.mennitt@dechert.com; Guess, Philip; Lindsay, Scott; Joseph Gershman; Levin, Sharon (USANYS)
**Subject:** RE: Bayou

1. <u>Re concern over additional adversary proceedings diluting the reserve fund</u>:

The Debtors have advised that they are not aware of any additional fraudulent conveyance actions against other redeeming investors who would become eligible to be victims. The have represented that the remaining fraudulent conveyance actions would be filed under state law and will seek no principal but profit only. While the Debtors have made this representation, I do not believe that it would be appropriate to unduly bind their hands in a manner that could later conflict with their fiduciary duties.

The Committee would, however, be willing to enter into a stipulation – so ordered by the court -- that if there are any unanticipated fraudulent conveyance actions that have not been reserved for, we would agree that any proceeds recovered would be allocated to ensure full equality of treatment to the extent that the payor is both a "victim" otherwise eligible for recovery from the victim fund, and a creditor eligible for payment from the bankruptcy. Any future dollar amount recovered could be allocated on this theory.

In addition, as discussed on our call last week, the Debtors (or the Committee) are currently reviewing possible claims against third-party service-providers such as Speer Leeds. and it is possible that there may be fraudulent conveyance actions or other claims against such persons These potential defendants were not investors and would not be likely be eligible for treatment as victims. As such, they would not have a claim to the reserve fund and they could not dilute the reserve fund. But if they were eligible for such treatments, then the stipulation noted above should fully protect any adversary defendant against any possible dilution of their claims against the reserve fund.

2. <u>Re inquiry regarding how we can create equality between redeeming and non-redeeming investors</u>:

The Committee's goal from the outset of this case has been equality between redeeming and non-redeeming investors. Although we are dealing with parallel distributions from separate funds, we do not view this as an overly difficult task.

Under the formula for the reserve fund that I distributed on Friday, the reserve fund will fully protect all of the adversary defendants for their pro rata share of the reserve fund should they settle or lose the adversary proceedings. Thus, equality will be accomplished in the restitution fund.

In the bankruptcy cases, any adversary defendant that loses at summary judgment or trial (and pays) will have a 502(h) claim for the full amount of their claim. Once a distribution has been made from the restitution fund, the Debtors can either reduce the bankruptcy claim by the amount of restitution fund payment for each victim (each subtract ~30%) or treat all investors' claims the same (100% of principal). The same result would attach either way.

For example, assume that A who is a current victim has $100K claim. Assume that A receives a 30% payment from the government fund.

Assume that B is a future victim (i.e., an adversary defendant) that has received an early redemption of $100K of principal. If B has to refund that principal to the Debtors, then B will have a claim for $100k

against the restitution fund and will receive 30% payment out of the reserve fund. Thus, A and B will be equalized with respect to payments from the restitution fund.

After payment from the restitution fund, A will then have a claim in the bankruptcy for either 100% of its principal or 70% of its principal (if the Debtors reduce the claim by the amount received from the restitution fund). If A is required to reduce his claim by 30%, then so will B. Either way, A and B will get the exact same treatment and they will be equalized in the bankruptcy. In other words, with the establishment of a reserve fund, the collateral source rule issue is moot because both non-redeemers and redeemers will receive an equal distribution from the government and the bankruptcy.

Your thoughts?

Rick

Richard A. Kirby
K&L Gates
1601 K Street NW
Washington, DC 20006-1600
Tel: 202-661-3730
Fax: 202-778-9100
Richard.Kirby@klgates.com
www.klgates.com

---

**From:** Richard Feldman [mailto:RFeldman@rfs-law.com]
**Sent:** Tuesday, February 19, 2008 9:35 AM
**To:** Neville, Carole; Kirby, Richard; Michael.cook@srz.com; Brian.kohn@srz.com; Falkowitz, Holly; Lepera, Christine; gschwed@loeb.com; Harris, Marcy
**Cc:** gary.mennitt@dechert.com; Guess, Philip; Lindsay, Scott; Joseph Gershman; Levin, Sharon (USANYS)
**Subject:** RE: Bayou

I am also concerned that there may be more fraudulent conveyance action commenced by the Debtors which will necessarily affect your numbers. We will need some written commitment that they will not and that the universe of fraudulent conveyance actions is what we have before us.

Richard Feldman

---

**From:** Neville, Carole [mailto:cneville@sonnenschein.com]
**Sent:** Friday, February 15, 2008 5:13 PM
**To:** Kirby, Richard; Michael.cook@srz.com; Brian.kohn@srz.com; Falkowitz, Holly; Lepera, Christine; gschwed@loeb.com; Richard Feldman; Harris, Marcy
**Cc:** gary.mennitt@dechert.com; Guess, Philip; Lindsay, Scott; Joseph Gershman; Levin, Sharon (USANYS)
**Subject:** RE: Bayou

The question is how to make that happen.

**From:** Kirby, Richard [mailto:richard.kirby@klgates.com]
**Sent:** Friday, February 15, 2008 2:21 PM
**To:** Neville, Carole; Michael.cook@srz.com; Brian.kohn@srz.com; Falkowitz, Holly; Lepera, Christine; gschwed@loeb.com; rfeldman@rfs-law.com; Harris, Marcy
**Cc:** gary.mennitt@dechert.com; Guess, Philip; Lindsay, Scott; Joseph Gershman; Levin, Sharon (USANYS)
**Subject:** RE: Bayou

Please advise me what you have in mind for treatment of the respective funds.

We believe that all similarly situated investors should be treated alike as to each fund.

Rick

Richard A. Kirby
K&L Gates
1601 K Street NW
Washington, DC 20006-1600
Tel: 202-661-3730
Fax: 202-778-9100
Richard.Kirby@klgates.com
www.klgates.com

---

**From:** Neville, Carole [mailto:cneville@sonnenschein.com]
**Sent:** Friday, February 15, 2008 2:16 PM
**To:** Kirby, Richard; Michael.cook@srz.com; Brian.kohn@srz.com; Falkowitz, Holly; Lepera, Christine; gschwed@loeb.com; rfeldman@rfs-law.com; Harris, Marcy
**Cc:** gary.mennitt@dechert.com; Guess, Philip; Lindsay, Scott; Joseph Gershman; Levin, Sharon (USANYS)
**Subject:** RE: Bayou

I am not sure any of your numbers are correct. Once we get the correct numbers, I may agree with the method. However, we still must deal with the issue of how the distributions from the government fund and the bankruptcy court are to be treated.

Carole Neville
Sonnenschein Nath & Rosenthal LLP
1221 Avenue of the Americas
New York, New York 10020
212 768-6889 (direct dial)
212 768-6953 (fax)
917 583-6272 (cell phone)
cneville@sonnenschein.com

---

**From:** Kirby, Richard [mailto:richard.kirby@klgates.com]
**Sent:** Friday, February 15, 2008 1:39 PM
**To:** Michael.cook@srz.com; Brian.kohn@srz.com; Neville, Carole; Falkowitz, Holly; Lepera, Christine; gschwed@loeb.com; rfeldman@rfs-law.com; Harris, Marcy
**Cc:** gary.mennitt@dechert.com; Guess, Philip; Lindsay, Scott; Joseph Gershman; Levin, Sharon

(USANYS)
**Subject:** Bayou

All:

I received your email addresses from Marcy Harris.

The following is how we, on behalf of the Creditors Committee, would calculate the amount of the reserve that the United States Attorney proposes to be established from the government fund.

We believe the amount of the reserve may be calculated based on the following formula:

$$\text{Reserve} = \text{BayouRestitutionFundTotal} \times \frac{\text{Total contingent victim claims}}{\left[\text{Total non-contingent victim claims} + \text{Total contingent victim claims}\right]}$$

We base our computation on the following assumptions:

1. Total amount to be distributed = $110 million

2. Total amount of non-contingent victims = $310 million (per government victims list previously distributed)

3. Total principal at issue in remaining pending on shore adversary proceedings = $85 million (per debtors' 12-19-07 disclosure statement)

4. Total principal at issue in off-shore proposed adversary proceedings == $17 million (per disclosure in 2-13-08 telephone call by T Finley)

The amount of the reserve would be: $27.23 million = $110 x [[85 + 17]/[310 + 85 + 17]]. Out of an abundance of caution we would propose to round the amount of the reserve to $28 million.

Please advise us if you disagree with this computation of a reserve, or the assumptions set forth above. If you disagree, explain the basis for your disagreement.

Should you wish to discuss this I am available anytime this weekend or am available for an in person meeting any day next week in New York

Rick

Richard A. Kirby
K&L Gates
1601 K Street NW
Washington, DC 20006-1600
Tel: 202-661-3730
Fax: 202-778-9100
Richard.Kirby@klgates.com
www.klgates.com

This electronic message contains information from the law firm of Kirkpatrick & Lockhart Preston Gates Ellis LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at richard.kirby@klgates.com.

---

CONFIDENTIALITY NOTE:
This e-mail and any attachments are confidential and may be protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this e-mail or any attachment is prohibited. If you have received this e-mail in error, please notify us immediately by returning it to the sender and delete this copy from your system. Thank you for your cooperation.
IRS CIRCULAR 230 DISCLOSURE:
Any Federal tax advice contained herein is not written to be used for, and the recipient and any subsequent reader cannot use such advice for, the purpose of avoiding any penalties asserted under the Internal Revenue Code. If the foregoing contains Federal tax advice and is distributed to a person other than the addressee, each additional and subsequent reader hereof is notified that such advice should be considered to have been written to support the promotion or marketing of the transaction or matter addressed herein. In that event, each such reader should seek advice from an independent tax advisor with respect to the transaction or matter addressed herein based on the reader's particular circumstances.

---

---

CONFIDENTIALITY NOTE:
This e-mail and any attachments are confidential and may be protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this e-mail or any attachment is prohibited. If you have received this e-mail in error, please notify us immediately by returning it to the sender and delete this copy from your system. Thank you for your cooperation.
IRS CIRCULAR 230 DISCLOSURE:
Any Federal tax advice contained herein is not written to be used for, and the recipient and any subsequent reader cannot use such advice for, the purpose of avoiding any penalties asserted under the Internal Revenue Code. If the foregoing contains Federal tax advice and is distributed to a person other than the addressee, each additional and subsequent reader hereof is notified that such advice should be considered to have been written to support the promotion or marketing of the transaction or matter addressed herein. In that event, each such reader should seek advice from an independent tax advisor with respect to the transaction or matter addressed herein based on the reader's particular circumstances.

---